62  269
f107 289

</div>

THE HOME BUILDING AND LOAN ASSOCIATION *vs.* CHERRY..

1. On an application for a homestead of realty, the ordinary has no jurisdiction to determine questions of title.
2. Where a federal court enjoined the foreclosure of a mortgage on the realty of a bankrupt, pending a petition before the ordinary for a homestead therein, and afterwards dissolved the injunction on condition that $2,000.00 be deposited with the register to be invested in a homestead, should the ordinary decide that the applicant was entitled thereto, the state courts had no juristiction to set apart, under an amendment to the original petition, the money, or any part of it, in the hands of the register.

Homestead. Jurisdiction. United States Courts. Before Judge GRICE.  Bibb Superior Court.  October Term, 1878.

Reported in the decision.

LANIER & ANDERSON ; HILL & HARRIS, for plaintiff in error.

WHITTLE & WHITTLE ; G. W. GUSTIN, for defendant, cited 61 *Ga.*, 223.

WARNER, Chief Justice.

It appears from the record in this case, that W. A. Cherry made application to the ordinary of Bibb county for a home-

270    SUPREME COURT OF GEORGIA.

The Home Building and Loan Association vs. Cherry

stead exemption for himself and family in certain real property therein described in the city of Macon; that said property had previously been mortgaged to the Home Building and Loan Association by Cherry; that he had been adjudicated a bankrupt by the United States district court; that the Home Building and Loan Association had foreclosed its mortgage, and was proceeding to sell the property, when Cherry obtained an injunction from the bankrupt court restraining its sale, which injunction was dissolved on condition that the mortgagee should deposit the sum of $2,000.00 in specie, or its equivalent, in the register's office of the bankrupt court for the purpose of purchasing a homestead for the bankrupt and his family, should the state court of ordinary, in which his application was pending, determine he was entitled to it.    The $2,000.00 was deposited by the mortgagee, and the property was sold for less than the mortgage debt.    After the sale of the property, Cherry amended his application and prayed that the ordinary would set apart to him the $2,000.00 ordered to be deposited in the register's office by the bankrupt court, as before stated, as his homestead exemption, instead of the real estate claimed in his original application, which had been sold.    By consent, the case was taken by an appeal to the superior court, and on the trial thereof the jury, under the charge of the court, found the following verdict: " We, the jury, find the petitioner is entitled to a homestead of sixteen hundred dollars in cash." Upon this verdict the court entered a judgment for the amount thereof in favor of the petitioner for his homestead, to be paid from the fund in the registry of the United States district court for the southern district of Georgia, to be appropriated as follows: $400.00 for fees to Whittle & Gustin, Cherry's counsel, and the balance to be paid to B. C. Cherry, to be invested by him in a homestead for Mrs. Cherry and her children. A motion was made for a new trial on several grounds, which was overruled, and the mortgagee excepted.

The petitioner had the legal right to make his application to the ordinary for a homestead in the property as set forth in his original petition, and the courts of this state had jurisdiction to hear and determine the same in accordance with the laws thereof. In an application for a homestead the title to the property claimed as such is not involved. *Newton vs. Surrency*, 59th *Ga.*, 397. The ordinary has no jurisdiction to hear and determine the question of title to real estate. Nor did the courts of this state have jurisdiction to set apart the homestead exemption applied for by the petitioner in his amended application out of the $2,000.00 deposited in the register's office of the bankrupt court, in pursuance of the order of that court, and therefore the judgment of the court setting apart any portion of that deposit as a homestead exemption for the benefit of the petitioner was error.

Let the judgment of the court below be reversed.