### Davis *v.* Jones.

1. Where a homestead was set apart for the benefit of a wife and her minor children out of the land of the husband and father, who died while the homestead was subsisting, the children as his heirs could, upon the termination of the homestead estate, occasioned by the death of the widow and the arrival of the youngest child at majority, sue for and recover the land which had been embraced in the homestead, from one who held under a sheriff's sale unlawfully made before the expiration of the homestead estate.

2. In such case no prescription ran against the children until after the widow died and the youngest child became of age.

3. Before the homestead could be lawfully levied on and sold, it was essential for the plaintiff, his agent or attorney, to file with the sheriff an affidavit stating not only that the debt on which the plaintiff's judgment was rendered fell "within some one of the classes for which the homestead is bound under the constitution" (specifying which class), but also that "there was no property except the homestead upon which to levy." In order to show that the sale was legal, it was necessary to prove affirmatively that such affidavit was in fact filed with the sheriff before the sale was made. An affidavit omitting the latter of the above quoted allegations was insufficient to render the sale legal.

April 29, 1895. Brought forward from the last term. Code, §4271(a-c).

Ejectment. Before Samuel B. Hatcher, judge *pro hac vice*. Marion superior court. April term, 1894.

Blandford & Grimes, for plaintiff in error.

Worrill & McMichael, *contra*.

Simmons, Chief Justice.

The evidence shows that G. W. Jones purchased the land in dispute in November, 1869, received a conveyance therefor, and went into possession; that in October, 1872, his wife applied for and had set apart a homestead in the land for herself and her minor children, the husband refusing to apply, and, so far as appears, mak-

ing no resistance to the setting apart of the homestead. In December, 1872, the husband died, and his wife was appointed administratrix on his estate. After her appointment as administratrix a judgment was recovered against her, and an execution issued thereon was levied upon the land in 1876, and it was sold by the sheriff in December of that year to one Davis, who went into possession ; and he and those claiming under him have been in possession ever since. The widow died in 1892, after all the minor beneficiaries of the homestead had become of age. After her death the children of G. W. Jones instituted their action to recover the land. Upon the trial of the case, a verdict was rendered in their favor. A motion for a new trial was made upon the several grounds set out in the record, which was overruled, and the defendant excepted.

1, 2. When the father died, the title to the land was in him, although the use had been set apart by operation of law for the beneficiaries of the homestead. When the homestead estate terminated by the death of the widow and the arrival of the youngest child at majority, the land reverted to the estate of Jones, the use having expired. The children would therefore be entitled to its possession, if nothing had occurred to take the title out of their father's estate. If it was in the possession of a third person who claimed it under an illegal sale, the statute of prescription would not run in his favor against the children until the expiration of the homestead.

3. This brings us to the question whether the sale by the sheriff pending the homestead was valid or not. Under our constitution and the statutory provisions touching the sale of homestead property under legal process, the homestead is not subject to levy and sale, " except for taxes, for the purchase money of the same, for labor done thereon, for material furnished therefor, or

for the removal of encumbrances thereon." (Code,
§§2002- 5211.) By the act of 1871 (Code, §2028), it was
provided how and in what manner the homestead could
be sold when subject to sale under the exceptions above
enumerated. That act provides, in substance, that when
the defendant in execution has had set apart a home-
stead, and there is no property except the homestead on
which to levy, and the plaintiff in such execution is seek-
ing to proceed with the same upon the ground that his
debt falls within some one of the classes for which the
homestead is bound under the constitution, he may, by
his agent- or- attorney, make an affidavit to the best of
his knowledge and belief that the debt upon which such
execution is founded is one from which the homestead
is not exempt; and it shall be the duty of the officer in
whose hands the execution and affidavit are placed to
proceed at once to levy and sell, as though the property
had never been set apart. This court has several times
decided that under this section of the code the plaintiff
in execution must not only allege in his affidavit that
the homestead is liable under one of the exceptions
above referred to, but he must also aver that there is no
property except the homestead on which to levy, and
this affidavit must be filed with the sheriff before the
levy. *Gillespie* v. *Chastain*, 57 *Ga.* 218; *Brantley* v.
*Stephens*, 77 *Ga.* 468. In this case the sheriff testified
that at the time he levied on and sold the property he
had an affidavit of an agent of the plaintiff in *fi. fa.*,
which contained an averment that the *fi. fa.* was based
upon a claim for purchase money of the land in dispute;
but he did not remember any other averment in the affi-
davit, and the affidavit was lost. In order to show that
the sale was legal, it was necessary to prove affirma-
tively that an affidavit containing the averment that
there was no property except the homestead upon which
to levy, was in fact filed with the sheriff. The officer is

forbidden by the constitution and the statute to levy
upon and sell a homestead, and it is made a trespass to
do so unless it is shown to fall within one of the excep·
tions and that there is no other property upon which
to levy. In such cases the authority of the officer will.
not be presumed, but must be affirmatively shown.

*Judgment affirmed.*