CLIFTON *et al. v.* NORTHEN, for use, etc.

1. The sale of personal property by the head of a family, without an order of court for such purpose, is void when made after the same has been duly set apart under the exemption laws of the State.    Where, therefore, property has been levied upon and claimed on the ground that it was exempted from levy and sale, such claim may be sustained in court although it should appear that there was a sale of such property by the head of the family, without authority of law, before the claim was filed.
2. The evidence in this case did not demand a verdict for the plaintiff in fi. fa., and the court erred in directing such verdict.

Argued October 22, — Decided November 19, 1898.

Levy and claim. · Before Judge Sheffield.    Miller superior court.    April term, 1898.

*R. H. Powell & Son,* for plaintiffs in error.
*W. C. Worrill* and *Anderson, Felder & Davis,* contra.

Simmons, C. J.    Twelve bales of cotton were levied upon by the sheriff as the property of Clifton.    He gave a forthcoming bond therefor.    Mrs. Clifton, his wife, filed an application with the ordinary for a homestead and exemption of certain property, including the cotton above mentioned.    This was granted, due notice having been given the creditors.    Clifton sold the cotton and turned the proceeds over to his wife; and afterward filed a claim to the cotton as homestead property.    On the trial of the case, when these facts appeared, the judge directed a verdict for the plaintiff in execution, and the claimants excepted. It seems from the record and the briefs of counsel, that the theory on which the judge directed the verdict was, that Clifton had disposed of the cotton and parted with all title thereto before the claim was interposed, and that therefore he could not sustain his claim.    This theory is clearly applicable if the sale of the cotton was legal.    A party who has no interest in property can not claim it as not subject to an execution levied upon it. If he has sold it and parted with all his interest and title, he has no ground upon which to predicate a claim.    But where property has been set apart as a homestead by a judgment of the court of ordinary, the owner has no longer the right to make any disposition of it, by sale or otherwise, except under an order of the judge of the superior court.    The property is by that judgment set apart as a homestead or exemption for the owner's wife and minor children, and he is deprived of the right to sell it except as prescribed by law.    If, therefore, this cotton was set aside as an exemption to Mrs. Clifton, the husband had no authority or power subsequently to sell it.    Any attempted sale by him was void, the title did not pass, and he could, as the head of the family, interpose the claim.    *Hart* v. *Evans*, 80 *Ga.* 330.    It appears that when Clifton sold the property he did not obtain from the judge of the superior court an order to do so, as required by law.    The sale was, therefore, if subsequent to the approval of the application for homestead, void.    Of course, if he sold the cotton before such approval, the above principle would not apply.    Before the property was actually set apart by the judgment of the ordinary, the owner had full power to dispose of it.    *Stowers* v. *Mathews*, 98 *Ga.* 371.    Clif-

ton's evidence shows that he was himself in doubt as to whether he had sold the cotton before or after the approval of the application for homestead, but according to his best recollection it was afterward. This was a question of fact and should have been submitted to the jury for determination.

*Judgment reversed: All the Justices concurring, except Lumpkin, P. J., absent.*