## GOODELL *v.* HALL.

1. " Judicial notice will be taken of the ordinary and commonly used abbreviations and equivalents of Christian names."

2. If two estates in the same property unite in the same person in the same capacity, the lesser estate is merged in the greater, unless there is a manifest intention that such merger shall not take place. It follows that where the sole beneficiary of a homestead estate acquires an absolute title to the reversionary interest in the property out of which the homestead estate was carved, and it does not appear that it was the intention of such beneficiary to keep the two estates separate, the lesser, or homestead estate, would become merged in the greater, or absolute estate, and the property would be subject to the payment of the debts of the person in whom the two estates united.

Argued December 3, — Decided December 19, 1900.

Levy and claim. Before Judge Littlejohn. Sumter superior court. May term, 1900.

*Allen Fort*, for plaintiff. *A. W. Dodson*, contra.

COBB, J. This was a claim case, at the trial of which the following facts appeared: John E. Hall was the owner of a tract of land, which in 1868 was set apart as a homestead upon the application of "Elizabeth M. Hall," describing herself as the wife of John E. Hall, who was alleged to be the head of a family consisting of his wife and two minor children; the application being made by the wife for the reason that the husband refused to make the same. On January 26, 1892, John E. Hall executed a deed conveying in fee simple to Eliza M. Hall the land out of which the homestead estate was carved. At the date this deed was made the two children of John E. Hall, who were the beneficiaries of the homestead, had attained their majority. On April 14, 1893, Eliza M. Hall executed and delivered to Edith S. Goodell a mortgage upon the land above referred to, the debt thereby secured, so far as the record discloses, not belonging to any of those classes of debts to the payment of which the homestead could be lawfully subjected. A fi. fa. issued upon a judgment foreclosing this mortgage was levied

upon the land, and Eliza M. Hall interposed a claim. The court directed the jury to find the property not subject, and the case is here upon a bill of exceptions assigning error upon this ruling and other rulings made at the trial.

1. Objection was made to the introduction in evidence of the application for homestead, upon the ground that it purported to have been made by Elizabeth M. Hall, and, as the name of the claimant was Eliza M. Hall, the record sought to be introduced in evidence was irrelevant. "Judicial notice will be taken of the ordinary and commonly used abbreviations and equivalents of Christian names." 16 Am. & Eng. Enc. L. (1st ed.) 115. Eliza is a commonly used abbreviation of Elizabeth. Webster's International Dictionary, p. 1905. But even if this were not so, parol evidence was properly admitted to show that Eliza M. Hall, the claimant, was the wife of John E. Hall and was the same person described in the application for homestead as Elizabeth M. Hall. *Henderson* v. *Hackney,* 23 *Ga.* 383; *Ansley* v. *Green,* 82 *Ga.* 181; *Hicks* v. *Ivey,* 99 *Ga.* 548.

2. The controlling question in the present case is whether the land levied on was subject to the mortgage execution. It was contended, on the one hand, that it was not subject, at least during the lifetime of Mrs. Hall; that if a lien was created at all by the mortgage, it was simply upon the reversion which Mrs. Hall acquired by the deed from her husband; and that the mortgage execution could not be enforced against this reversion during the existence of the homestead estate, which would not terminate until the death of Mrs. Hall. See *Taylor* v. *James,* 109 *Ga.* 327, and cases cited on page 339. On the other hand, it was contended that when Mrs. Hall acquired an absolute estate in the property under the deed from her husband, the homestead estate, which was the lesser estate, became merged in the estate acquired under the deed, and the property became hers absolutely, subject to be disposed of in any manner she saw proper, and liable in law for the payment of her debts. To sustain this proposition the case of *Lowe* v. *Webb,* 85 *Ga.* 731, was cited. In that case a homestead was set apart in 1869, for the benefit of a wife and minor daughter, out of property of the husband and father. After the death of the latter in 1873, the property out of which the homestead estate was carved was, on the application of the widow, set apart as a year's support for herself and child. It

was held that, under the latter proceeding, the widow took a legal estate in fee in her share of the property, into which her interest in the homestead estate was merged, and that her interest in the property became subject to levy and sale for the payment of her debts. In the opinion the present Chief Justice says: "The lesser estate, therefore, being destroyed by merging in the greater, the limitations and restrictions thrown around the lesser, as to its not being subject to levy and sale, were also removed when it ceased to exist; and having become an absolute estate or estate in fee, it is subject to the debts of the owner, just as other estates held in the same manner. If she had allowed the estate to remain as the law first fixed it, it would still have been exempt from levy and sale; but when, upon her application, it was changed from a life-estate in the use to an absolute one, she took herself out of the favored class, and placed herself where her property became subject to her debts, like that of other debtors." The principle upon which that ruling is based is controlling in the present case. In the case cited the widow, by her own voluntary act, became possessed of the reversion in the property, and a merger of the two estates was the result. In the present case the wife, by accepting the conveyance of the husband, has caused a merger of the two estates, with the resulting consequences which are stated in the decision above referred to. That in the one case the widow came into possession of the fee under the judgment of a court, and in the other case under a conveyance directly to her, does not make any material difference in the cases; in both she acquired the fee voluntarily. That the head of a family, out of whose property a homestead is set apart under the constitution of 1868, can lawfully convey the estate in reversion during the existence of the homestead estate, is settled by the ruling in *Huntress* v. *Anderson*, 110 *Ga.* 427. The general rule is that whenever two estates in the same property are united in the same person in the same capacity, the lesser estate is merged in the greater, unless it appears that the person in whom the two estates meet does not intend that there shall be a merger. See Civil Code, § 3106; *Wilder* v. *Holland*, 102 *Ga.* 46; *Ferris* v. *Van Ingen*, 110 *Ga.* 111. There was nothing in the present case to indicate that Mrs. Hall intended that there should be no merger. On the contrary, the fact that she accepted the deed from her husband and dealt with the property as her own, by giving a mortgage

upon the same to secure a debt, would rather indicate that she did so intend.

*Judgment reversed.   All the Justices concurring, except Fish, J., absent, and Little, J., dissenting.*