## WALKER *et al. v.* HODGES *et al.*

The constitution of 1868 did not and that of 1877 does not contain any provision forbidding a head of a family to alienate his "reversionary interest" in a homestead set apart under the statutory provision now embraced in Civil Code, § 2866 et seq.; nor was there of force either in December, 1879, or on December 8, 1877, any statutory provision making such alienation unlawful.

Argued June 7,—Decided July 22, 1901.

Levy and claim. Before Judge Evans. Washington superior court. September, 1900.

*Rawlings & Hardwick*, for plaintiffs. *Evans & Evans*, contra.

COBB, J. On December 8, 1877, a homestead was set apart to W. R. Hodges under the provisions of the Code of 1873, § 2040 et seq., now embraced in Civil Code, § 2866 et seq. In December, 1879, Hodges attempted to convey by deed the reversionary interest in the land set apart as a homestead. Executions founded on judgments rendered in 1895 against Hodges were levied on the land, and claims were interposed by the vendees in the deed. The court directed a verdict in favor of the claimants, and the plaintiffs in execution excepted. The case was argued here on the assumption that the same rule as to the power of the head of a family to alienate the homestead property would apply to the homestead set apart under the statutory provisions above referred to as applied to what is known as the constitutional homestead; and we were asked

to decide whether the constitution of 1877 took effect immediately upon its ratification or not until after the proclamation of the Governor, so as to determine whether the homestead in question was governed by the provisions of the constitution of 1868 or that of 1877. It has been held that the head of a family might convey the reversionary interest in a homestead set apart under the constitution of 1868 (*Huntress* v. *Anderson,* 110 *Ga.* 427); while this is an open question as regards the homestead provided for in the constitution of 1877. In so far as the homestead provided for in the Code of 1873, § 2040, now embraced in Civil Code, § 2866, is concerned, no restriction upon the power of the head of a family to alienate his reversionary interest was contained in the constitution of 1868, nor is any restriction now contained in the constitution of 1877. It will, therefore, be at once seen that, so far as this case is concerned, it is perfectly immaterial when the constitution of 1877 took effect. There was not, at the time the homestead was set apart to Hodges or at the time he made the deed to the reversion, any statute of force prohibiting such an alienation. This being so, he had a perfect right to make the deed, and the interest in the land thereby conveyed was not subject to an execution issued on a judgment against him rendered after the deed was made. There was no error in directing a verdict for the claimants. *Judgment affirmed. All the Justices concurring.*