### AIKEN *et al. v.* WELDON *et al.*

LUMPKIN, J. 1. This case is controlled by the ruling in *Huntress* v. *Anderson,* 110 *Ga.* 427 (35 S. E. 671, 78 Am. St. R. 105), where the decision in *Love* v. *Anderson,* 89 *Ga.* 612 (16 S. E. 68), was reviewed and overruled, and it was held that "a deed executed by the head of a family, purporting to convey land which had been . . set apart as a homestead under the constitution of 1868, while inoperative and ineffectual as to the homestead estate in existence when it was made, did pass to the grantee the 'reversionary interest' of the grantor in the land described." This decision has since been followed. *Goodell* v. *Hall,* 112 *Ga.* 437 (37 S. E. 725); *Walker* v. *Hodges,* 113 *Ga.* 1042 (39 S. E. 480); *Waters* v. *Waters,* 124 *Ga.* 349 (52 S. E. 425).

2. Accordingly, where in a suit to recover land the petition showed that a homestead had been taken by the head of a family under the constitution of 1868, that pending the existence of the homestead estate the head of the family and his wife joined in a deed purporting to convey a fee-simple estate with warranty, and that after the termination of the homestead estate the heirs of the grantors brought suit against the grantees to recover possession of the land, the case was properly dismissed on demurrer.           *Judgment affirmed. All the Justices concur.*
NOVEMBER 14, 1912.

Complaint for land. Before Judge Daniel. Fayette superior court. September 29, 1911.

*W. B. Hollingsworth, J. W. Culpepper,* and *Daley & Chambers,* for plaintiffs. *J. W. Wise,* for defendants.