*James P. Shattuck,* for defendant.

---

### 6030.  HEARD & SUTTON *v.* ADAMS & BROTHER.

WADE, J.  1. A rule to distribute money in the hands of an officer proceeds upon equitable principles, effect being given, so far as may be warranted by the pleadings and the evidence, to the rights of all the claimants to the fund.  Civil Code, § 5348.

2. The lien of mortgages on crops, given to secure the payment of debts "for money, supplies, and other articles of necessity, including live stock, to aid in making and gathering such crops, shall be superior to judgments of older date than such mortgages."  Civil Code, § 3349.

(*a*) Such a mortgage "given to secure the purchase-price of supplies furnished to aid in making a crop of a given year is superior to the lien thereon of an older common-law judgment, though the mortgage was executed after such supplies were furnished, and subsequently to the levy of the execution issued upon such common-law judgment."  *Akin* v. *Comer Mercantile Co.,* 138 *Ga.* 733 (75 S. E. 1121).  See also *Durden* v. *Aycock,* 13 *Ga. App.* 420 (79 S. E. 213).

3. The crop of cotton, from the sale of which arose the fund in the hands of the sheriff which was being contested for by Heard & Sutton and Adams & Brother, was levied upon in the field under a common-law fi. fa. in favor of Heard & Sutton and against one West Benson, which was dated and recorded in 1910.  The levy was made on October 7, 1912, at which time Adams & Brother held a bill of sale from the said West Benson, covering the same crop and conveying to them absolute title thereto, with the recital in the instrument that the proceeds of the property therein described should be "applied at sale to debts secured by bill of sale."  So far as appears from the record, this was the only claim in existence in favor of Adams & Brother against the cotton levied on of which Heard & Sutton then had notice.  On March 5, 1913, an agreement was entered into between Heard & Sutton and Adams & Brother that Adams & Brother should sell the cotton levied on and hold the proceeds, "the said proceeds to be held subject to all the rights of the parties just as if the cotton had not been sold."

(*a*) A mortgage executed by the defendant Benson to Adams & Brother after the cotton had been converted into money by Adams & Brother

3

under the said agreement could be legally foreclosed, and the mortgage execution placed in the hands of the officer holding the fund, with an entry of levy made thereon showing that the mortgagee was claiming the proceeds of the particular property described in the levy. The court therefore did not err in admitting the mortgage fi. fa. in evidence.

(b) A bill of sale previously given, covering the same property, would not estop the plaintiff from taking a mortgage thereon, the acceptance of which amounted to a recognition that title to the property covered by both instruments was then vested in the maker of the bill of sale, and amounted pro tanto to an abandonment of all claim of title on the part of the mortgagee under the instrument first executed. Even as to real property, where two estates in the same property unite in the same person in the same capacity, the lesser estate will not be merged into the greater if there be a manifest intention that such merger shall not take place. *Goodell* v. *Hall*, 112 *Ga.* 435 (37 S. E. 725). Here it is manifest that it was not the intention of the parties executing the mortgage that it should be merged in the previously executed bill of sale. The court therefore did not err in admitting the mortgage for $1,200 in evidence, notwithstanding it covered the same property described in the bill of sale.

4. There was ample evidence from which the jury could reasonably infer that a sum considerably in excess of the amount in 'the hands of the sheriff for distribution was still due by the defendant Benson to Adams & Brother on the mortgage for $1,200 principal, for live stock, supplies, and money used to aid in making and gathering the crop in dispute; and it is immaterial whether the remaining liens in favor of Adams & Brother were valid liens superior to the lien of the common-law fi. fa. of Heard & Sutton or not, since the case may be determined without reference thereto.

5. There was sufficient evidence to authorize the verdict, there was no harmful error in the admission or exclusion of evidence, and the court properly overruled the motion for a new trial.

*Judgment affirmed.*

DECIDED SEPTEMBER 9, 1915.

Money-rule; from city court of Washington—Judge Wynne. September 7, 1914.

*C. E. Sutton,* for plaintiffs in error.
*Colley & Colley,* contra.