### DeLAY *v.* LATIMER.

Pending the existence of a homestead set apart since the adoption of the constitution of 1877, in land of the head of a family, an effort by him to sell the land so set apart, without order of court as prescribed by statute, is void and is not effective as a conveyance of the reversionary interest.

No. 2171.    APRIL 13, 1921.

Equitable petition; intervention. Before Judge Bell. Fulton superior court. May 19, 1920.

*A. H. Davis,* for plaintiff.

*W. Carroll Latimer* and *Albert E. Mayer,* for defendant.

FISH, C. J. M. L. DeLay presented his petition to be allowed to intervene in the case of W. Carroll Latimer against J. M. De-Lay and Mrs. L. V. DeLay, an equitable petition to foreclose a mortgage on realty, the facts of the case being set forth in *DeLay* v. *Latimer,* page 367 ante. The petition for intervention was based upon the allegation that J. M. DeLay, on August 24, 1918, conveyed to petitioner by warranty deed the premises which J. M. DeLay mortgaged in 1899, and which were set apart to Mrs. L. V. DeLay, the mortgagor's wife, as a homestead in 1900. The court refused to allow the intervention, and the petitioner excepted.

Since the adoption of the constitution of 1877, land set apart as a homestead can not be conveyed by the head of a family, pending the homestead, except by order of court, as prescribed in the statute; and an effort to sell it does not result in a conveyance of the "reversionary interest," but is simply invalid. *Denson* v. *Keys*, 140 *Ga.* 134 (78 S. E. 768).

As under the facts stated the alleged deed to the petitioner for intervention was void, the court did not err in refusing to allow him to intervene. *Judgment affirmed. All the Justices concur.*