### BROWNING *et al.* v. BARBER, administratrix, *et al.*

FISH, C. J.   1.   A head of a family may alienate his " reversionary in-
terest " in a homestead set apart to him and his family under the con-
stitution of 1868.   *Walker* v. *Hodges*, 113 *Ga.* 1042 (39 S. E. 480);
*Carrie* v. *Carnes*, 145 *Ga.* 184 (88 S. E. 949); *Yeates* v. *Donalson*, 147
*Ga.* 335 (94 S. E. 465); *Aiken* v. *Weldon*, 139 *Ga.* 15 (76 S. E. 359).

2.   Where a husband pays the purchase-money of land from his own funds .
and has the land conveyed to his wife, the presumption which the law
raises is that the husband intended to make a gift to his wife; but the
presumption is a rebuttable one, and a resulting trust in favor of the
husband may be shown.   Parol evidence of the nature of the transaction,
or the circumstances, or the conduct of the parties, is admissible to rebut
the presumption of a gift; but in order to rebut such presumption the
proof must be clear and convincing.   *Jackson* v. *Jackson*, 150 *Ga.* 544
(104 S. E. 236); *Jackson* v. *Williams*, 129 *Ga.* 716 (59 S. E. 776);
Civil Code (1910), § 3740.

3.   In a suit instituted after the death of the head of the family and ter-
mination of the homestead, by heirs at law of the head of the family as
claimants of the reversionary interest in the land, against purchasers
from the widow of the head of the family and purchasers from the ad-
ministrator appointed upon the estate of such widow after her death,
the petition alleged, that described land was set apart to the head of
the family as a homestead under the constitution of 1868; that in 1869,
upon an appropriate order of the court, the land was sold for the pur-
pose of reinvestment; that from the proceeds of the sale of such land
a stated sum was reinvested in other lands (embracing the land in dis-
pute), and the deed by direction of the head of the family was executed
by the vendor directly to the wife of the head of the family, he being,
at the time of the execution of this last-mentioned conveyance, " under
the mistaken idea that, inasmuch as said homestead had been set apart
for the use of his wife and children, the law required that said reinvest-
ment be made by taking a deed in the form of a deed to his wife," and,
in consequence of the foregoing, the head of the family reinvested a
portion of the proceeds of the sale of the original homestead in the land
in controversy, and took from the person to whom he paid such proceeds
a deed purporting to convey the land to the wife of the head of the
family; that the deed so executed contained a recital that the consid-
eration therein named was a part of the proceeds of the sale of the land
that had been sold for reinvestment; that the land was subsequently
occupied by the head of the family and his wife as homestead property
until the head of the family died in 1891, and thereafter by the wife
until her death in 1896, at which time all of the children had attained
majority; that the widow sold some of the land, and after her death the
administrator upon her estate sold other portions of it.   The defendants
claim under the several sales so mentioned.   *Held:*

(*a*)   The deed to the wife of the head of the family, being to the fee, included
any reversionary interest in the land to which the head of the family
might have been entitled after termination of the homestead.

(*b*)   As to such reversionary interest the deed was presumptively a gift;

and the alleged circumstances under which the deed was executed were insufficient to negative the presumption of a gift. Moreover, a mistake of law on the part of the husband that the law required, when the proceeds of the sale of the original homestead were reinvested in land, that the deed should be taken to the husband's wife, a beneficiary under the original homestead, would not authorize annulment or modification of such instrument. Civil Code (1910), § 4115. See also §§ 4575, 4576.
(c) The judge did not err in sustaining a general demurrer to the petition, and in dismissing the action.

*Judgment affirmed. All the Justices concur.*
No. 2848. SEPTEMBER 20, 1922.

Equitable petition. Before Judge R. C. Bell. Grady superior court. September 7, 1921.

*Jeff A. Pope* and *Pope & Bennet,* for plaintiffs.
*M. L. Ledford* and *Titus & Dekle,* for defendants.