HOLLAND *v.* GUNN *et al.*

ATKINSON, J. 1. Where the administrator of the estate of a deceased world war veteran instituted equitable proceedings in which an alleged widow and minor children of his intestate and a third person as rival claimants were required to interplead for the purpose of adjudicating their conflicting claims to a fund in the hands of the administrator, received from the United States Veteran's Bureau upon an "adjusted service certificate" issued to the veteran under the provisions of the World War Adjusted Compensation Act (38 USCA, §§ 591: 641), an objection interposed by the third person to the allowance of an amendment to the answer, offered by the guardian ad litem of the minors, was properly overruled; the objection being that there was a misjoinder of parties, because it did not appear that the widow and children had a joint interest in the fund.

2. The grounds of objection to allowance of the amendment, other than as just stated, were not argued or expressly insisted upon in the briefs for the plaintiff in error, and will be treated as abandoned.

3. In a proceeding of the character above mentioned, the administrator, being the petitioner for interpleader, after the rival claimants to the fund have interpleaded is not so interested as that, on the trial of the issues between the rival claimants to the fund, relationship of a person to a surety on the bond of the administrator would disqualify such person to serve as a juror in the case. .

(a) The case differs on its facts from *Lyens* v. *State*, 133 *Ga.* 587 (4) (66 S. E. 792).

(b) The judge did not err in excluding from evidence the bond of the administrator, offered for the purpose of showing who was surety thereon and the fact of such suretyship.

(c) It was not erroneous to overrule the first and second grounds of the amendment to the motion for a new trial, which urged disqualification of one of the jurors on account of his relationship to the surety on the administrator's bond.

4. In a case of the character mentioned above, there were issues as to whether the minors not born in wedlock were children of the veteran, and as to whether a ceremonial marriage between the woman and the veteran, which occurred while the latter was afflicted with a mortal disease from which he died a few days afterwards, was void on account of mental incapacity at the time of the ceremony and undue influence of the woman in bringing about the marriage; and also as to whether the change of beneficiary in the certificate to the third person was void on account of fraud and undue influence practiced upon the veteran by such third person in procurement of a request to the government official for change of beneficiary. The court admitted in evidence, over objection by the third person, testimony to the effect that shortly before the marriage the witness told the veteran that he was not living right and ought to marry the woman, and asked whether if he should die suddenly he would wish his wife and children to have the money, to which the veteran replied, "Yes;" that the veteran requested the witness "to go and ask" the officer who afterwards performed the ceremony "to come down there;" and that the veteran "came in there with Mr. Jordan [the administrator] and brought his government certificate and said he was going to the hospital." *Held:*

(a) It was not error to admit evidence of the character stated above, as complained of in the 3d, 4th, and 5th special grounds of the motion for a new trial, over the objection that the evidence was hearsay, irrelevant, and immaterial. Nor was it error to admit the evidence complained of in the 4th ground, over the objection that it was "immaterial, as being a declaration by a deceased person not a party to this case."

(b) This ruling is not in conflict with the rule stated in the Civil Code, § 5768, which declares: "The declarations and entries of a person, since deceased, against his interest, and not made with a view to pending litigation, are admissible in evidence in any case," or the decision in *Field* v. *Boynton*, 33 *Ga.* 239, applying that provision of the Code.

(c) The question propounded to the witness as complained of in the 4th ground of the motion for a new trial was not leading.

5. The judge instructed the jury: "The issue in the case . . is between Mr. Ellis Holland on the one hand as claimant of this fund represented

by the adjusted service certificate, and Mr. R. W. Golucke as guardian ad litem for these children or alleged children of DeWitt Gunn, and also Annie Belle Gunn's claim as the widow in connection with the children." This charge was not erroneous as against Holland, the movant, on the ground that "it places the burden upon him of sustaining his contention against the united and combined interest of the alleged widow and her children" who "had no joint interest" under the "World War Adjusted Compensation Act," and that the instruction imposed upon the movant a greater burden than the law authorized.

6. Under the pleadings and the admissions of counsel for the widow and children, the burden was on these claimants to make out a case of fraud in procurement of the change of beneficiary in the certificate. The evidence upon this controlling issue was sufficient to support the verdict finding in their favor.

7. The judge did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

No. 7310. SEPTEMBER 18, 1930.

*J. A. Mitchell* and *E. P. & J. Cecil Davis,* for plaintiff in error. *Noel P. Park* and *Hawes Cloud,* contra.