WILLIAMSON *v.* JOHNSON, administrator.

ATKINSON, J. 1. "A head of a family may alienate his reversionary interest in a homestead set apart to him and his family under the constitution of 1868. *Walker* v. *Hodges,* 113 *Ga.* 1042 (39 S. E. 480); *Carrie* v. *Carnes,* 145 *Ga.* 184 (88 S. E. 949); *Yeates* v. *Donalson,* 147 *Ga.* 335 (94 S. E. 465); *Aiken* v. *Weldon,* 139 *Ga.* 15 (76 S. E. 359)." *Browning* v. *Barber,* 154 *Ga.* 221 (113 S. E. 797).

2. "Where a husband pays the purchase-money of land from his own funds and has the land conveyed to his wife, the presumption which the law raises is that the husband intended to make a gift to his wife; but the presumption is a rebuttable one, and a resulting trust in favor of the husband may be shown. Parol evidence of the nature of the transaction, or the circumstances, or the conduct of the parties, is admissible to rebut the presumption of a gift; but in order to rebut such presumption the proof must be clear and convincing. *Jackson* v. *Jackson,* 150 *Ga.* 544 (104 S. E. 236); *Jackson* v. *Williams,* 129 *Ga.* 716 (59 S. E. 776); Civil Code (1910), § 3740." *Browning* v. *Barber,* supra.

3. Under application of the foregoing principles, if a husband, who has caused land (his individual property) to be set apart to him as the head of his family for a homestead under the constitution of 1868, subsequently sells a fraction of the land in payment for other land, with approval of the ordinary, and causes a deed "in fee simple" for the other land to be made jointly to himself and his wife as individuals, and treats the land so conveyed as part of the homestead for the family, a rebuttable presumption will arise of a gift by the husband to the wife of an undivided half interest in the land, subject to the right of enjoyment by the family as a homestead.

4. After execution of a deed to the husband and wife in the circumstances just stated, if a gift to the wife was intended she may convey her interest so acquired in the land before termination of the homestead. And if she executes a deed purporting to convey an undivided half interest in the land "in fee simple," the grantee in such deed will succeed to her title to the land, subject to the homestead.

5. If the widow conveys the land as indicated in the preceding division, and, after termination of the homestead by attainment of majority of all the children and death of the widow, the administrator of the estate of the husband sues to recover the land for the purposes of administration as property of the estate of the deceased husband, and the pleadings and evidence at the trial show all the foregoing facts, but nothing else to rebut the presumption of a gift by the husband to the wife, the plaintiff would not be entitled to recover.

6. It was erroneous to direct the verdict for the plaintiff.

*Judgment reversed. All the Justices concur.*

No. 7620. JANUARY 16, 1931.

714

*Cooley & Cooley,* for plaintiff in error.
*George W. Westmoreland,* contra.