## WARDLAW et al. v. WOODRUFF.

HILL, J. 1. "The title to land in this State is not changed when it is set apart as a homestead for the use of the beneficiaries. Only the use of the property is thus changed. It can not be alienated except for reinvestment in the manner provided by law; and except also that the head of the family may convey his 'reversionary interest' in the land where the homestead was set apart under the constitution of 1868." *Yeates* v. *Donalson,* 147 *Ga.* 335 (94 S. E. 465). See Civil Code, § 6584.

2. Upon the termination of a homestead estate, property set apart for a wife, or for a wife and minor children, or for minor children alone,

shall, upon the death of the wife or her marriage when set apart to her alone, and upon majority of the minor children or their marriage during minority when set apart for minor children, and upon the death or marriage of the wife and majority or marriage of the minor children when set apart to wife and minor children, reverts to the estate from which it was set apart, unless sold or reinvested in pursuance of the provisions of law, when the same provisions as to reversion shall follow all reinvestments, unless the fee simple is sold as provided by law. Civil Code (1910), § 3396; *Smith* v. *Smith*, 105 *Ga.* 106, 110 (31 S. E. 135); *Cain* v. *Farmer*, 74 *Ga.* 38; *Groover* v. *Brown*, 118 *Ga.* 491 (45 S. E. 310).

3. "The head of a family, to whom has been set aside a homestead under the constitution of 1868, may convey his or her 'reversionary' interest therein." *Waters* v. *Waters*, 124 *Ga.* 349 (52 S. E. 425).

4. "Where in a suit to recover land the petition showed that a homestead had been taken by the head of a family under the constitution of 1868, that pending the existence of the homestead estate the head of the family and his wife joined in a deed purporting to convey a fee-simple estate with warranty, and that after the termination of the homestead estate the heirs of the grantors brought suit against the grantees to recover possession of the land, the case was properly dismissed on demurrer." *Aiken* v. *Weldon*, 139 *Ga.* 15 (76 S. E. 359). And see *Browning* v. *Barber*, 154 *Ga.* 221 (113 S. E. 797); *Williamson* v. *Johnson*, 171 *Ga.* 713 (156 S. E. 617).

5. "The constitution of 1868 did not, and that of 1877 does not, contain any provision forbidding the head of a family to alienate his reversionary interest in a homestead set apart under the statutory provisions now embraced in §§ 3416 and 3417 of the Civil Code of 1910." *Nash* v. *Peoples Loan & Realty Co.*, 151 *Ga.* 40 (105 S. E. 641); *Walker* v. *Hodges*, 113 *Ga.* 1042 (39 S. E. 480); *Wright* v. *Durden*, 158 *Ga.* 244, 245 (123 S. E. 701).

6. "It was not essential to the validity of a conveyance executed by the grantee of a security deed with power of sale that the advertisement of the sale contain an explicit statement that the debt which the deed with power of sale was given to secure had matured and was past due, where there was a reference to the public records from an inspection of which any probable purchaser would have ascertained the fact that the indebtedness was in fact past due. The precise reference to the particular place in a public record where full information as to a fact of importance can be found is the equivalent of the statement of such fact as can be accurately ascertained and authoritatively established by such record." *Hiers* v. *Exum*, 158 *Ga.* 19, 20 (122 S. E. 784).

7. The security deed in the instant case provides that in default of payment thereof the grantee or his assigns may sell the property described after advertising the same, and that "the said property may be sold either as a whole or in parcels." This provision of the deed left it optional with the holder as to whether he would sell the land as a whole or in parcels. The advertisement expressly recites that there will be sold at a certain time and place "the following land, to wit: all that tract or parcel of land . . containing 200 acres, more or less." This sufficiently indicated to all parties concerned that the tract of land

would be sold as a whole and not in parcels, and was sufficiently definite and certain as to its being so sold.

8. "Where the title to land is conveyed to secure a debt, and the instrument is not merely a mortgage, a power of sale on failure to make payment is a power coupled with an interest, and is not revoked by the death of the debtor." *Baggett* v. *Edwards*, 126 *Ga.* 463 (2) (55 S. E. 250). "A power may be exercised at any time during the life of the donee or other person authorized to execute it, provided the purpose or object of the power continues so long." 49 C. J. 1283, § 106.

9. Neither the security deed nor any law of this State required the advertisement to sell the land to specifically state the amount of the debt secured by such deed.

10. "A mere written proposal to pay money, with no offer of the cash, is not a tender." *Angier* v. *Equitable B. & L. Asso.*, 109 *Ga.* 625 (2) (35 S. E. 64).

11. "A contract to pay 8 per cent. per annum semi-annually, with interest on the semi-annual payments of interest after due, does not constitute usury." *Pendergrass* v. *N. Y. Life Ins. Co.*, 163 *Ga.* 671 (137 S. E. 36); *Merck* v. *American Freehold Land Mtg. Co.*, 79 *Ga.* 213 (3) (7 S. E. 265); *Williams* v. *Forman*, 158 *Ga.* 89 (2) (123 S. E. 20).

12. "Where a promissory note is given contemporaneously with a written agreement between the same parties which states the consideration of the note, the two instruments constitute one contract and are to be construed together." *Montgomery* v. *Hunt*, 93 *Ga.* 438 (2) (21 S. E. 59); *Read* v. *Gould*, 139 *Ga.* 499, 504 (2) (77 S. E. 642); *Adams* v. *Hatfield*, 17 *Ga. App.* 680 (2) (87 S. E. 1099); *Wartman* v. *Brown*, 41 *Ga. App.* 288 (152 S. E. 596).

13. "Before a borrower who has executed a deed infected with usury can have affirmative equitable relief, such as injunction to prevent exercise of the power of sale by the grantee in such security deed, he must pay or tender to the grantee the principal sum due." *Poulk* v. *Cairo Banking Co.*, 158 *Ga.* 338, 339 (3) (123 S. E. 292); and see *Liles* v. *Bank of Camden County*, 151 *Ga.* 483.

14. Applying the principles ruled in the foregoing notes to the facts of this case, the court did not err in sustaining the general demurrer and dismissing the petition. *Judgment affirmed. All the Justices concur.*

No. 8791. July 13, 1932. Rehearing denied September 17, 1932.

*Hatcher & Hatcher* and *Robinson & Flynt,* for plaintiff.
*Love & Fort* and *Foley & Chappell,* for defendant.