DORSEY *v.* DORSEY.

No. 13156. February 15, 1940.

*John H. Goddard,* for plaintiff in error.

*S. B. Wallace* and *Joseph R. Cumming,* contra.

Duckworth, Justice. W. D. Dorsey brought partitioning proceedings against Howard H. and Charles R. Dorsey, alleging that prior to March 8, 1881, Z. T. Dorsey was the owner in fee simple of 219 acres of land, more or less, of lot 107 in the 3rd district of Spalding County, Georgia; that on March 8, 1881, upon the application of Z. T. Dorsey, the described land was set apart to him as the head of a family consisting of himself and three minor children, including the plaintiff; that the other minors died in infancy; that on July 4, 1881, Z. T. Dorsey married Miss L. S. Chambers, and that there was born as the issue of said marriage the defendants Howard H. and Charles R. Dorsey; that Z. T. Dorsey died in 1937, and that his wife, Mrs. L. S. Chambers Dorsey, died in 1939; that the plaintiff and defendants were over 21 years of age when Mrs. Dorsey died, and were the only heirs of Z. T. Dorsey; that the homestead property was used continuously by the family until the termination of the homestead at the death of Mrs. Dorsey in 1939; that at the termination of the homestead it consisted of described 85.5 acres; that the plaintiff and defendants are owners of the homestead property by descent from Z. T. Dorsey and are tenants in common; and that the petitioner has given the defendants twenty days notice of his intention to make this application. The prayer was for partition of the land as provided by law.

The defendants answered, denying the allegations that Z. T. Dorsey was the owner of the land prior to March 8, 1881, that the described property had been used by the family continuously until the death of Mrs. L. S. Chambers Dorsey in 1939, and that plaintiff and defendants were owners by descent from Z. T. Dorsey of the 85.5 acres of land described in the petition, and for want of information neither admitting nor denying the allegation that at the termination of the homestead it consisted of the described 85.5

acres of land, and admitting the other allegations of the petition. For further plea they alleged that the plaintiff had no title to any part of the land involved, and by paragraph A alleged that on May 16, 1927, Z. T. Dorsey conveyed the land involved to Howard H. Dorsey by warranty deed, a copy of which was attached to the answer as exhibit A. The plea further averred that Howard Dorsey has been in continuous, peaceable, and quiet possession of the property since May, 1927, and has paid the taxes thereon; that Z. T. Dorsey prior to his death divided his entire property among his children, including plaintiff; that Z. T. Dorsey was the son of Nancy Dorsey, the wife of John S. Dorsey; that on the application of Nancy Dorsey, reciting that her husband, John S. Dorsey, refused to make the same, the land here involved was prior to 1881 set aside to herself and children as a homestead; that this homestead remained in full force and effect until the death of Nancy Dorsey in 1883; and that the purported homestead of Z. T. Dorsey in 1881 was null and void.

The plaintiff demurred to defendants' plea and answer on many grounds, all of which were overruled except paragraph 2 thereof, which was sustained and paragraph A of the answer stricken. To this ruling striking paragraph A the defendants excepted pendente lite, and error is assigned thereon in this bill of exceptions. Upon the trial the evidence disclosed that in 1936 Howard H. Dorsey conveyed his interest in the land in dispute to the defendant Charles R. Dorsey, whereupon Howard H. Dorsey was by consent of the parties stricken as a party defendant. The trial resulted in a verdict for the plaintiff, and the defendant filed a motion for new trial, which as amended was overruled; and the defendant excepted.

■ If the defendant holds title to the land which the plaintiff seeks to have partitioned, this fact will defeat the plaintiff's action. An answer by the defendant setting up title in himself would constitute a legal defense. The paragraph of the answer stricken on demurrer averred that defendant owned the land, that it was conveyed to him by Z. T. Dorsey on May 16, 1927, by warranty deed, a copy of which was attached as exhibit A. Since both parties claim under Z. T. Dorsey, if this deed is valid on its face the stricken paragraph constituted a valid defense, unless other allegations or admissions in the answer showed the deed to be

invalid. The homestead here involved is a constitutional homestead allowed under the constitution of 1877. Under that constitution (art. 9, sec. 3, par. 1, Code, § 2-7401), the owner can not, after the property has been set apart, alienate or encumber such property during the existence of the homestead exemption, and it can be sold only by the debtor and his wife, if any, jointly, with the sanction of the judge of the superior court of the county where the debtor resides or where the land is situated, the proceeds to be reinvested upon the same uses. Under this provision of the constitution any attempt by the owner to alienate or convey the exempted property without the sanction of the judge of the superior court is void.

Some confusion has arisen on this question by reason of the difference in the provisions of the constitution of 1868, which contained no prohibition against such alienation, and the constitution of 1877, which expressly forbids it. In *Denson* v. *Keys,* 140 *Ga.* 134 (78 S. E. 768), this question was presented and the distinction between the two constitutions was pointed out. It was there held that the above constitutional provision prohibited any conveyance or alienation by the owner of exempted property during the life of the homestead. In *Landrum* v. *Carey,* 185 *Ga.* 76 (194 S. E. 362), this court held that where land of a married man was duly set apart under the constitution and laws as a homestead, the homestead did not divest the husband of legal title, and that after such exemption the man could sell and convey legal title, with right of possession postponed until termination of the homestead exemption. We have examined the record of that case of file in this court, and it does not disclose whether the homestead there involved was a constitutional homestead under the Code, § 2-7201 et seq., or a statutory homestead under § 51-1301 et seq. If a constitutional homestead, being set apart in 1902, it would be subject to the provisions of the constitution of 1877, and the ruling made would conflict with Code, § 2-7401, and *Denson* v. *Keys,* supra. On the other hand, if the homestead there involved was a statutory homestead there was no provision of law prohibiting the owner from alienating or encumbering title to the property embraced in the exemption. *Walker* v. *Hodges,* 113 *Ga.* 1042 (39 S. E. 480). All of the following decisions holding that the owner may alienate or encumber homestead property before the termina-

tion of the homestead dealt with homesteads set apart under the constitution of 1868, and should not be confused with homesteads under the constitution of 1877: *Huntress* v. *Anderson*, 110 *Ga.* 427 (35 S. E. 671, 78 Am. St. R. 105) ; *Goodell* v. *Hall*, 112 *Ga.* 435 (37 S. E. 725) ; *Waters* v. *Waters*, 124 *Ga.* 349 (52 S. E. 425) ; *Aiken* v. *Weldon*, 139 *Ga.* 15 (76 S. E. 359) ; *Yeates* v. *Donalson*, 147 *Ga.* 335 (94 S. E. 465) ; *Browning* v. *Barber*, 154 *Ga.* 221 (113 S. E. 797) ; *Williamson* v. *Johnson*, 171 *Ga.* 713 (156 S. E. 617) ; *Donalson* v. *Yeates*, 173 *Ga.* 30 (159 S. E. 856). We are requested to review and overrule the decision in *Denson* v. *Keys*, supra, but the main reason urged why it should be overruled is alleged conflict with *Landrum* v. *Carey*, supra. As stated above, it can not be determined whether the homestead involved in the latter case was a statutory or constitutional homestead. The burden was upon the party attacking the conveyance of the homestead property to show its invalidity, which could be done only by showing that it was a constitutional homestead; and since the record failed to show that it was not a statutory homestead, the attacking party failed to carry the burden, and on the record presented in that case the judgment rendered by this court was the only judgment authorized. We have found no decision by this court in conflict with the decision in *Denson* v. *Keys*. The ruling there made is in exact harmony with the provisions of the constitution involved. The wisdom in thus prohibiting alienation by the owner is more clearly seen when it is remembered that the same constitution authorizes sale for the purpose of reinvestment by joint action of the owner and his wife with the sanction of the judge of the superior court. If the owner were permitted to alienate his title, this would prevent joint sale for reinvestment as contemplated by the constitution. Since, under the constitution, property embraced in the homestead, including the title and interest of the owner, can not be subjected to the payment of just debts of the owner, it is entirely fair that such owner be denied the right to alienate or encumber his interest therein for his own benefit. The homestead does not include title, for this remains in the owner subject only to the encumbrance of the exemption. It would in the absence of the homestead provisions of the constitution and statutes be subject to levy and sale to satisfy his debts. When the owner is thus permitted to bar his creditors from subjecting his

interest in the property, it is fair even to himself that he, too, be deprived of the right to alienate or encumber his interest therein.

Under the ruling just made, Z. T. Dorsey was without power to execute the deed attached as exhibit A to paragraph A of the answer, if the homestead alleged to have been set apart to him as. head of a family in 1881 was valid and embraced the same land and was effective at the date of the execution of the deed. But some of these questions are necessarily matters of proof and are not settled by the pleadings in this case. It is true the answer admits that a homestead embracing the same property was set apart in 1881, as alleged, and that Mrs. Dorsey, a beneficiary thereunder, did not die until 1939. Had the answer stopped with these admissions the demurrer would have been good and the paragraph properly stricken. But the answer denied that the homestead was a valid one, and alleged that prior thereto the same property had been set apart to Nancy Dorsey and her children as a homestead, and that Nancy Dorsey did not die until 1883, and for these reasons the homestead of 1881 was null and void. The court erred in sustaining the demurrer and striking paragraph A of the defendant's answer.

■ Ground 1 of the amendment to the motion for new trial complains of a ruling disallowing as evidence for defendant the deed attached to the answer as exhibit A. Under the evidence this deed was not admissible as evidence of title, as it was shown that the property described was set apart to the grantor as the head of a family in 1881, and that grantor's wife, a beneficiary, was still in life. The defendant sought to show that the exemption to grantor was invalid because the same property had been set apart to Nancy Dorsey and her minor children in 1869, on her application reciting that her husband, John S. Dorsey, refused to apply for same and that the property belonged to her husband, and Nancy Dorsey, a beneficiary thereunder, died in 1885. But in answer to this evidence the plaintiff showed that John S. Dorsey in 1866 divested himself of all title to the property by deed, and there was no evidence that title had ever again vested in John S. Dorsey, the husband of Nancy Dorsey. None of this evidence constituted an attack upon either of the judgments allowing a homestead. It had to do solely with the question of the title to the land involved, and that is a question which a court of ordinary can not

adjudicate. *Newton* v. *Summey,* 59 *Ga.* 397; *Home Building & Loan Association* v. *Cherry,* 62 *Ga.* 269. This evidence in no wise established any defect or invalidity in the homestead of 1881. It follows that the deed objected to, being a conveyance by the owner of homestead property while the beneficiary was still in life, was void and conveyed nothing to the grantee, Howard H. Dorsey.

But the defendant offered the deed for the purpose of proving color of title, and the fact that the grantor was without authority to execute it constituted no ground upon which its rejection could be justified. A writing which upon its face professes to pass title to realty, but which fails to do so because the grantor has no title or because of a defect in the instrument, and which describes the property sought to be conveyed, is sufficient to constitute color of title. *Street* v. *Collier,* 118 *Ga.* 470 (45 S. E. 294); *Turner* v. *Neisler,* 141 *Ga.* 27 (6) (80 S. E. 461); *Byrom* v. *Riley,* 154 *Ga.* 580 (114 S. E. 642).

The defendant in error urges as a further reason why the deed was properly excluded that it contains no valid description of the property. It is insisted that while the deed is headed "State of Georgia, ————— County," the description of the property therein gives neither the State nor county in which it is located, and that for these reasons the property can not be identified. The description of the land gives the lot number, the district, and the names of the adjoining landowners on all sides. The deed recites that the grantor is Z. T. Dorsey of the County of Spalding and State of Georgia, and at the conclusion of the description of the land is a recital that it is "known as Z. T. Dorsey home place, containing 85 acres more or less." The deed was recorded in the deed records of Spalding County, Georgia. With this description it is not necessary that the State and county be more specifically given. The deed recites that Z. T. Dorsey is a resident of Spalding County, Georgia, and the description states that the land conveyed is known as his home place. Also the names of the various landowners surrounding a tract of 85 acres more or less are given. We think this constitutes an ample key which when aided by parol evidence can fit the description. When the description in a deed furnishes such a key, the deed is admissible in evidence. *Swint* v. *Swint,* 147 *Ga.* 467 (2) (94 S. E. 571); *Price* v. *Gross,* 148 *Ga.* 137 (2) (96 S. E. 4).

A further question for determination in ruling upon this assignment is, could possession under the deed beginning in 1927 ripen into prescriptive title at the end of seven years? As applied to the homestead, this question is very definitely answered in the affirmative. *Taylor* v. *James,* 109 *Ga.* 327 (34 S. E. 674). It is there ruled that relative to a homestead the head of the family on whose application it is set apart stands in the same position as a trustee. And that since under our law all limitation statutes operate against a trustee and bind the cestuis que trust, although such cestuis que trust are minors or laboring under other legal disabilities, upon the same principle limitation statutes operate against the head of the family and are binding upon all beneficiaries under the homestead. Applying the rulings there made to the facts in the present case, and assuming that Howard H. Dorsey, the predecessor in title, took possession under the deed on May 16, 1927, and held same adversely to the claims of every one for a period of seven years, Z. T. Dorsey as head of the family and all of the beneficiaries under the homestead became barred, and title by prescription to the homestead fully ripened. We are not here concerned with the homestead, but are only concerned with the title to the fee. However, the same rule that applies to the homestead should be applicable also to the title estate in the present case where Z. T. Dorsey holds both estates. Any other rule would cause confusion between the two estates in the property. If possession of the land in dispute was held adversely to Z. T. Dorsey for a period of seven years from May 16, 1927, under the rulings in *Taylor* v. *James,* supra, the homestead was wiped out and the interest of all of the beneficiaries terminated. Since by suffering the prescription statute to run against him as head of the family Z. T. Dorsey caused the beneficiaries to lose their interest, then for the same reasons and upon identical principles the statute ran against him as holder of the title to the fee therein, and he was barred from thereafter asserting that title. Therefore we hold that the rule declared in *Taylor* v. *James,* supra, applies to both the homestead and the fee in the present case.

In *Davis* v. *Jones,* 95 *Ga.* 788 (23 S. E. 79), the husband, Jones, refused to apply for a homestead, and his wife, in October, 1872, made application reciting this fact, and on her application a homestead out of the property of her husband was set apart to the wife

and minor children. In December, 1872, the husband died and the wife was appointed administratrix of his estate. Thereafter a judgment against her was levied upon the homestead property, which was sold thereunder in 1876, the purchaser taking a sheriff's deed and going into possession of the land thereunder, and retaining possession until after the death of the wife in 1892, at which time all of the children had attained their majority. The children as heirs of Jones brought an action to recover the land, and it was held by this court that the statute of prescription did not begin to run in favor of the purchaser at the sheriff's sale and against the children until after the widow died and the youngest child became of age. In that case title to the homestead was at all times in the wife on whose application it was set apart, and title to the fee remained in the husband until his death, at which time it descended directly to his heirs. Code, § 113-901. At no time did title to the fee and the homestead repose in the same person. The statute of limitations or prescription did not run against the minor children of Jones during their minority, and the fact that Mrs. Jones was administratrix of his estate did not cause the statute to run against such minors. *Ladd* v. *Jackson*, 43 *Ga.* 288; *Phinizy* v. *Weatherly*, 164 *Ga.* 71 (137 S. E. 782). This case in these respects differs from the present case where title to the homestead and the fee both reposed in Z. T. Dorsey for a period of more than seven years during which it is claimed that adverse possession was held under the deed.

■ Ground 2 of the amended motion for new trial is too vague, indefinite, and uncertain to present an assignment of error upon which a ruling can be made.

■▪ Ground 3 of the amended motion for new trial excepts to the ruling disallowing witness Howard H. Dorsey to testify in behalf of the defendant to declarations made by Z. T. Dorsey to the effect that he had conveyed the property involved with all of his interest and title therein to the witness in 1927, and that witness owned it completely, and that none of his other sons had any interest in the property, and that this declaration was made on numerous occasions. One of the contentions of defendant made by his answer was that he had held the land in dispute under the deed from Z. T. Dorsey, dated May 16, 1927, as color of title, for more than seven years and had thus acquired title by prescription.

That portion of the declaration of the deceased disclaiming title to the property was admissible in evidence as a declaration against his interest, under the Code, § 38-309. See *Hughes* v. *Hughes,* 72 *Ga.* 173 (4) ; *Shackelford* v. *Orris,* 135 *Ga.* 29 (5) (68 S. E. 838) ; *Holland* v. *Gunn,* 171 *Ga.* 204 (4) (154 S. E. 887) ; *Brewer* v. *Mackey,* 177 *Ga.* 813 (2) (171 S. E. 273). However, the portions of the declarations to the effect that his other sons, which included the plaintiff, had no interest in the land were not remotely connected with the interest of the declarant, and were clearly prejudicial to the plaintiff and were therefore inadmissible. Since the testimony was offered as a whole, and since the assignment of error is upon the ruling rejecting the entire testimony, we must rule on the assignment as a whole, and since part of the offered testimony was inadmissible it was not error to disallow the same.

*Judgment reversed. All the Justices concur.*