19439.   REEVES v. THE STATE.

DECIDED MARCH 5, 1929.

*C. W. Bussell, D. E. Griffin,* for plaintiff in error.

*T. Hoyt Davis, solicitor-general,* contra.

LUKE, J.   Wyatt Reeves, convicted of possessing intoxicating wine, excepted 'to the overruling of his motion for a new trial, based upon the general and ten special grounds.

It appears from the testimony of the arresting officer that on August 30, 1928, he went to the defendant's home and found, in a room adjoining the one the defendant was in, two ten-gallon kegs of intoxicating wine, and that the defendant stated that it was his wine, and that he had it for his own use.   The gist of the evidence for the defendant was to the effect that the contents of the kegs consisted of fresh grape-juice when found by the officers, and that if it had fermented at all it had done so between the time it was found and October 28, 1928, the day of the trial.   It is obvious that the court did not err in overruling the general grounds of the motion for a new trial.

Under the well-established rule that an objection to the admis-

sion of evidence that it is "irrelevant and immaterial" is too general to be considered by this court, grounds 4, 5, and 6 present nothing for our consideration. See *Staples* v. *State*, 37 *Ga. App.* 97 (3) (139 S. E. 94).

In ground 7 complaint is made that the court erred in declining to allow the defendant to put in evidence "all the contents of the two kegs," after the solicitor-general had introduced a gill poured from the top of one of the kegs. It appearing that the small quantity of the contents admitted in evidence was admitted after the keg had been shaken, there can be no merit in the contention that alcohol, being lighter than water, would be mostly at the top of the kegs.

This case does not depend entirely upon circumstantial evidence, and in the absence of any written request so to do, the court did not err failing to charge the law of circumstantial evidence. See *Paramore* v. *State*, 161 *Ga.* 166 (8) (129 S. E. 772) ; *Thomas* v. *State*, 37 *Ga. App.* 823 (3) (142 S. E. 195). Under this law, there is no merit in grounds 8 and 9.

Ground 10 complains of refusal to charge to the effect that if at the time the defendant was found in possession of the liquid the contents of the kegs had not fermented to the extent of being intoxicating, the defendant should be acquitted. The court did instruct the jury that "if you believe he was in possession of liquor, but that the same was not of such kind and character *at the time* (italics ours) which if drunk to excess would produce intoxication, you should find the defendant not guilty." In the light of the charge given, the defendant's case could not have been hurt in any way by the refusal to charge.

It not appearing from ground 11 that any objection, or any motion to declare a mistrial was made, on account of the alleged prejudicial remarks of the trial judge, this ground discloses no reversible error. Where, as in this case, no reason appears why counsel could not have taken some affirmative step to avoid the alleged harmful effect of the court's remarks, such remarks do not require a new trial. See *Moore* v. *McAfee*, 151 *Ga.* 270 (11) (106 S. E. 274). What has been said as to this ground applies to ground 12.

Ground 13 can not be considered because it has not the unquali-

fied approval of the trial judge.   See *Brown* v. *State,* 37 *Ga. App.* 112 (2) (139 S. E. 112).

*Judgment affirmed.   Broyles, C. J., and Bloodworth, J., concur.*