# CASES

## DECIDED IN THE

# SUPREME COURT OF GEORGIA

### AT THE

## MARCH TERM, 1905.

---

## MASSEE–FELTON LUMBER COMPANY *v.* SIRMANS.

1. Declarations and entries of a person since deceased, against his interest, and not made with a view to pending litigation, are admissible in any case.
2. If the declaration or entry contains statements both in favor of the declarant and against his interest, the statements are to be balanced, and if those in favor of interest equal or preponderate over those against interest the declaration is not admissible ; otherwise it is.
3. Such declarations or entries when admitted are evidence as to any fact stated therein which was within the knowledge of the declarant or which it was his duty to know.
4. The allegations and the evidence made such a case of irreparable damage that the judge was authorized to grant an interlocutory injunction to preserve the status until the issues involved could be passed upon by a jury.

Argued February 11, — Decided March 6, 1905.

Injunction. Before Judge Mitchell. Bibb superior court. September 29, 1904.

*W. G. Harrison* and *C. J. Haden,* for plaintiff in error.
*W. H. Griffin* and *R. A. Hendricks,* contra.

COBB, J. Sirmans applied for an injunction to restrain the Massee-Felton Lumber Company from felling the timber on a described tract of land. The judge granted the injunction, and the defendant excepted.

1–3. The right of the plaintiff to an injunction depends upon whether he has shown that he is the owner of the land and that the threatened damage would be irreparable. The case does not fall within the provisions of the timber cutter's act (Civil Code, § 4927), nor is any ground of equitable interference relied on other than that the threatened injury will produce damages of the

character above referred to. The evidence shows a grant from the State to Paulett, and a deed from him to Hampton. The plaintiff's title depends upon a tax sale at which it is claimed the land was sold as the property of Hampton. The defendant claims under those deriving title through Hampton. The deed relied on as a sheriff's deed recited that Thomas D. Futch, as sheriff of Berrien county, did, on March 1, 1871, by virtue of "a writ of fieri facias issued by R. K. Turner, of said county, against T. F. Hampton, for his tax for eighteen hundred and seventy, upon lot of land" (here follows a description of the land title to which is in controversy); and the deed then recites that the property was advertised for sale and was, on March 4, 1871, sold to John C. Sirmans for the sum of $10.50, he being the highest bidder. What follows this is the usual form of a sheriff's deed under a sale for taxes. It will be noticed that the word "levy" does not precede the word "upon," nor is there any language in the deed expressly stating that a levy was made. No tax execution was introduced in evidence. An effort was made to account for its loss, and we think that the evidence as to a search for the alleged lost execution was sufficient to admit secondary evidence as to its contents, provided of course that the existence of a tax execution upon which such a deed could be based was made to appear. The pressure of the case is at this point. R. K. Turner was introduced as a witness, and testified that he was tax-collector, or acting tax-collector, in 1871; but he did not swear that he had ever issued a tax execution against Hampton for his taxes of 1870. There was evidence by a witness who had searched the records in the office of the Governor and Secretary of State, showing that the result of such search failed to disclose any record that a commission as tax-collector had ever been issued to Turner. It appeared, however, from the records in the office of the ordinary that he had given bond as tax-collector; and he was permitted to testify that he was tax-collector and acting as such. It will be noted that the deed does not recite that he was tax-collector, but it does recite that he issued the tax execution. The sheriff was dead at the time of the trial. The evidence relied upon to establish the existence of a tax execution and the fact of a levy was an entry made by the sheriff in a private memorandum book kept by him during his lifetime, which was found

among his papers after his death and produced at the trial as coming from the custody of his family. This entry was in the following words: "Georgia, Berrien County. Record of sale of land for 1871 and 1872 and 1873. Sold on the first Tuesday in April, 1871, lot No. 313 in the 10th District of said county, as the property of T. F. Hampton, to satisfy a tax fi. fa. issued by the tax-collector of said county; said land was knocked off to John C. Sirmans, he being the highest and best bidder, at $10.50, and the money applied to said tax fi. fa. Thomas D. Futch, Sheriff, B. C."

If this memorandum was admissible in evidence, it established the existence of the tax execution as the foundation of the sale which is referred to in the sheriff's deed. If this entry was admissible at all, it was admissible under that principle of the law which admits in evidence declarations of a person since deceased, against his interest and not made with a view to pending litigation. Civil Code, § 5181. This section of the code is a mere codification of a well-settled principle in the law. While such evidence is hearsay, it is admitted as one of the exceptions to the rule against hearsay evidence, on the ground of the extreme improbability of its falsity. *Field* v. *Boynton*, 33 *Ga.* 239; *Ellwell* v. *Mtg. Co.*, 101 *Ga.* 496 (3); *Ga. R. Co.* v. *Fitzgerald*, 108 *Ga.* 509. To render such an entry or declaration admissible it must appear that the declarant is dead, that he possessed competent knowledge of the facts, or that it was his duty to know them, and that the declaration was at variance with his interest. 1 Gr. Ev. (16th ed.) § 147. Where everything stated in the declaration or entry is against the interest of the declarant, the authorities are almost uniform that the declaration is admissible. But when the declaration contains that which is against the interest of the declarant and also that which is in his favor, its admissibility has been doubted. The settled rule seems, however, now to be that the statements in the declaration should be balanced, and if those in favor of interest are equal to or preponderate over those that are against interest the declaration should not be admitted, but that if those against interest preponderate over those that are in favor of the interest the declaration is admissible. 1 Gr. Ev. (16th ed.) § 157. But in any case where the declaration is admissible it is admissible as proof of all the facts therein stated,

both the main fact and any collateral fact connected therewith. The leading case in reference to this matter is Higham *v.* Ridgway, 10 East, 109, in which an entry of services rendered as a man midwife, followed by the entry, "paid 25th Oct. 1768," was admitted to show the date of the child's birth.   See also 1 Gr. Ev. (16th ed.) § 152.   The declaration by the sheriff that he had sold the land under a tax execution was certainly a declaration against his interest, because by an admission of this fact he laid himself liable to all the consequences which would result to a levying officer selling the property of another when he had no authority to make such sale.   In the entry he also charged himself with the amount of the purchaser's bid, but he also discharged himself by a statement that he applied it to the payment of the tax. Upon the balancing of the statements set forth in the declaration it would seem that the balance preponderated against his interest, the only statement in his interest being that he had appropriated the money in the way the law required, and this would be of little benefit to him in the event he was sought to be held liable on account of want of authority to make the sale, or for any irregularity therein for which persons interested in the property would have a right to hold him responsible.   We think that, under the rules stated, this entry was properly admitted in evidence, and that when admitted it established the existence of the tax execution.

Nothing now ruled is in conflict with what is said in *Freeman* v. *Brewster*, 93 *Ga.* 648 (4), or in *Hollis* v. *Sales*, 103 *Ga.* 79 (3). In each of those cases the interests were equally balanced in the declaration, and the evidence was properly held inadmissible. The deed and the tax execution referred to in the sheriff's entry in his private memorandum book upon their face connect themselves with each other, and it is therefore immaterial that the deed does not in express terms recite a levy nor describe Turner as tax-collector.   The entry recites that the land was sold under an execution issued by the tax-collector; and while the deed does not use the word "levy," the recitals therein are sufficient to indicate a levy as the foundation for the sale therein described.   We think that the evidence was sufficient to authorize the judge to find that the plaintiff had established prima facie a legal title to the land the title to which was in controversy.

4. Did the allegations and the proof make a case of irreparable damage? It appeared that the land in controversy was not only valuable for the timber thereon but also as a range for cattle; that the plaintiff was the owner of several hundred head of cattle; that he used this land as a range for these cattle; that the entry of the defendant upon the land would have the effect not only of driving the cattle therefrom but also to seriously impair, if not destroy, its value for grazing purposes, such result being brought about by the debris upon the land resulting from the cutting of timber, the probability of forest fires, and the character of new growth which would spring upon the land after it was denuded of its timber. We think a mere statement of these facts is all that is necessary to show that the character of the injury was such that the resulting damage could not be estimated in money. The loss accruing to the plaintiff from the cattle now owned by him being scattered and from the destruction of his range for cattle which he might acquire in the future is of such a nature that it would be impossible for a jury to accurately assess money damages. We think the evidence was sufficient to authorize the grant of an injunction, and no error appears to have been committed which would require a reversal of this judgment. At the final hearing all of the matters which are now in dispute can be fully inquired into, and it seems to us that the judge properly exercised his discretion in preserving the status as it now exists until a jury can pass upon the questions which have arisen or which might arise in the case.

*Judgment affirmed. All the Justices concur.*