## GROOMS *et al. v.* GROOMS *et al.*

FISH, C. J. 1. Where plaintiffs in an action of ejectment claim title as heirs at law of a decedent, it is incumbent upon them, in order to recover, to show that there is no administration upon the estate of the decedent, or, if administration, that they have the consent of the administrator to sue. *Gornto* v. *Wilson,* 141 *Ga.* 597 (81 S. E. 860).

2. Testimony of a widow that there has been no permanent administration upon the estate of her deceased husband is inadmissible, where she does not go further and testify that she has examined the records of the court of ordinary of the county where administration should have been granted, and that the examination fails to show the existence of such administration. *Gornto* v. *Wilson,* supra. .

3. The assignments of error in the exceptions pendente lite are not referred to in the brief of counsel for the plaintiffs in error, and under the uniform practice of this court they will be treated as abandoned.

4. Other grounds of the motion for new trial are without merit, and are not of such character as to require elaboration.

*Judgment reversed. All the Justices concur.*

AUGUST 17, 1917.

Ejectment. Before Judge Summerall. Clinch superior court. January 22, 1916.

*W. T. Dickerson, R. G. Dickerson,* and *S. C. Townsend,* for plaintiffs in error. *E. H. Williams,* contra.