PURVIS *et al. v.* ASKEW *et al.*

HILL, J. 1. Where heirs at law of a decedent bring an action of ejectment, the general rule is that in order for them to recover it is necessary for them to show that there is no administration upon the estate of the decedent, or, if there is administration, that they have the consent of the administrator to bring the action. *Grooms* v. *Grooms,* 147 *Ga.* 206 (93 S. E. 201) ; *Gornto* v. *Wilson,* 141 *Ga.* 597 (81 S. E. 860).

2. But the above rule is subject to the modification that under peculiar circumstances, as where the administrator makes a collusive conveyance for the purpose of defrauding those interested in the estate and of obtaining a personal benefit for himself, and refuses to give his consent for the heirs to sue, they may bring an equitable action against the administrator and the person or persons charged with being in collusion with him, for the purpose of protecting their rights. *Kinard* v. *George,* 142 *Ga.* 111 (2) (82 S. E. 560).

3. The present action of ejectment was brought by the heirs at law of their deceased mother. The evidence shows, that there was an administrator

de bonis non on the estate of the decedent; that the real defendant, who was the second wife of the administrator, was in possession of the land in controversy under a deed from the vendee of the administrator; that no order of sale was obtained from the ordinary for the sale of the land; and that no consent was given by the administrator to the bringing of the suit by the heirs. Under such circumstances the court did not err, as against any objection urged, in directing a verdict for the defendants.

t. Whether the granting of a nonsuit was not the proper disposition of the suit is not involved in the present case.

*Judgment affirmed.   All the Justices concur, except Fish, C. J., absent.*

No. 494.   MAY 14, 1918.

Ejectment. Before Judge Littlejohn. Webster superior court. June 12, 1917.

*J. F. Souter* and *Ellis, Webb & Ellis,* for plaintiffs.
*W. H. Gurr* and *Parks & Parks,* for defendants.