WILLIAMS *et al. v.* THOMAS *et al.*

No. 15483. JUNE 5, 1946.

*Wood & Spence,* for plaintiffs.

*T. H. Crawford* and *William Butt,* for defendants.

WYATT, Justice. (After stating the foregoing facts.) ■ The controlling question for determination is whether the evidence was sufficient to establish a resulting trust in favor of the defendant Thomas. The evidence relied upon to establish a resulting trust shows the following material facts: On May 1, 1928, the defendant Thomas, as executor of the will of his father, sold the property in question at public outcry, and one Holden, acting for Thomas, bid in the property. Thomas, as executor, executed to Holden a deed.

Thomas paid from his own funds the entire purchase-price of the property, distributing the fund to the devisees named in the will of his father. Twenty-six days later Holden, at the request and direction of Thomas, executed to Thomas' wife a deed to the property. Both deeds mentioned were delivered to Thomas, who had them recorded, and thereafter retained possession of them. Thomas' wife had no knowledge of the transaction, and of the execution of the deed to her, until more than a year later. Thomas and his wife lived upon the property until the death of his wife intestate. Thomas paid all taxes on the property and made certain improvements thereon. His wife did not undertake to exercise any control or management of the property. During her lifetime, she stated that the property belonged to her husband and indicated a willingness to make him a deed.

We are of the opinion that under the proof offered no resulting trust arose in favor of the husband.

"Where a husband pays the purchase-money of land from his own funds and has the land conveyed to his wife, the presumption which the law raises is that the husband intended to make a gift to his wife; but the presumption is a rebuttable one, and a resulting trust in favor of the husband may be shown. Parol evidence of the nature of the transaction, or the circumstances, or the conduct of the parties, is admissible to rebut the presumption of a gift; but in order to rebut the presumption of a gift the proof must be clear and convincing." *Jackson* v. *Jackson,* 150 *Ga.* 544 (104 S. E. 236); *Browning* v. *Barber,* 154 *Ga.* 221 (113 S. E. 797); Code, § 108-106. In *Kimbrough* v. *Kimbrough,* 99 *Ga.* 134 (25 S. E. 176), this court held: "Where a husband with his own money purchased and paid for a home, and deliberately and intentionally had the same conveyed to his wife, with no understanding or agreement that he was in any event to have an interest in the title, the transaction amounted to a gift from the husband to the wife, and as between them the property became absolutely her separate estate."

In the instant case, the husband's own testimony shows that the entire transaction was without the knowledge of his wife, and with no understanding or agreement that she would hold the property in trust. This evidence negatives an implied trust; it sustains a gift. With the undisputed evidence showing a voluntary,

intentional, and deliberate gift of the property by the husband to the wife, who had no knowledge of the transaction, and made no promise or agreement to hold the property for the husband, such gift can not be cut down to an implied or resulting trust by events subsequently transpiring; and therefore the declarations of the wife, after she had knowledge of the deed, as to the ownership of the property, and the payment of taxes and the making of improvements on the property by the husband, are insufficient to establish a resulting trust. Although such declarations and conduct are admissible to rebut the presumption of a gift, they are, under the facts of this case, insufficient to overcome the positive and undisputed evidence showing an outright gift, with no understanding, agreement, or obligation on the part of the donee to hold the property in trust.

As stated in *Vickers* v. *Vickers,* 133 *Ga.* 383, 384 (65 S. E. 885, 24 L. R. A. (N. S.) 1043): "An absolute gift will not be cut down by implication into a trust merely because the donor hoped and believed at the time the gift was made that the donee would share the beneficial interest of the property with him or with a third person. It must appear from the entire transaction that there is an obligation on the part of the holder of the legal title to hold it for the benefit of some one else. If a husband buys and pays for land and takes a deed in his wife's name, a presumption arises that he intends to make an absolute gift to her, and in order to overcome this presumption he must show something which raises an obligation in her to hold the property in trust for him. . . An absolute gift can not, by events transpiring after it is made, be metamorphosed into a trust." See also *Jackson* v. *Jackson,* 150 *Ga.* 544 (104 S. E. 236); *Wilder* v. *Wilder,* 138 *Ga.* 573 (75 S. E. 654); *Gibbs* v. *Gibbs,* 151 *Ga.* 745 (108 S. E. 214); *Bell* v. *Bell,* 154 *Ga.* 850 (115 S. E. 645).

The ruling here made is not without recognition of the fact that ordinarily, where the parties are not closely related and one party pays the purchase-price of property and has the conveyance made to another, an inference arises, even in the absence of knowledge of the conveyance by the grantee, that the conveyance is in trust for the payor; and a resulting trust may be established, even without proof of an agreement, understanding, or obligation on the part of the grantee to hold or reconvey. But a case falling within

the provisions of the Code, § 108-106, stands upon a different footing. In its last analysis, a resulting trust, as between husband and wife where the husband pays the purchase-money and title is taken in the name of the wife, rests upon the intention of the parties at the time of the transaction, with the presumption being that the transaction was a gift. Parol proof of conduct, circumstances, and declarations is admissible as tending to show the intent of the parties; and such evidence might ordinarily, if sufficiently clear and convincing, authorize a jury to find that the intention of the parties was that the conveyance should be in trust and not a gift. But where, as here, the undisputed testimony of the husband, who seeks to establish the trust, shows a deliberate and intentional gift, such gift can not be cut down to a trust by proof of subsequent events.

The verdict for the defendants was not supported by the evidence.

■ The averments of the answer, seeking to establish a resulting trust, were insufficient. It was not alleged that it was not the intention of the husband to make a gift to his wife; nor are the facts alleged sufficient to rebut the presumption of a gift. The averments fail to show any agreement, or otherwise to show an obligation, on the part of the wife to hold the property for her husband. Accordingly, the court erred in overruling the motion to strike the portion of the answer seeking to set up a resulting trust.

■ It is never error to refuse to direct a verdict.

*Judgment reversed. All the Justices concur.*