## 30896. RIGBY v. POWELL et al.

UNDERCOFLER, Presiding Justice.

This case was previously in this court on the grant of appellees' motion to dismiss and summary judgment. This court reversed that judgment because there were material issues of fact for determination. *Rigby v. Powell,* 233 Ga. 158 (210 SE2d 696) (1974). The case was tried before a jury and a verdict directed in favor of the appellees. *Held:*

1. During the trial of this case when the appellant sought to testify about the alleged oral contract to make mutual wills between him and his wife an objection was interposed that such communications with a deceased were barred by Code Ann. § 38-1603.1 (as amended by Ga. L. 1953, Nov. Sess., pp. 319, 320). The trial court sustained the objection and refused to allow the testimony.

The appellant contends that the trial court erred in this ruling since the appellees had waived the competency of the husband to testify by taking his deposition on this subject. He contends that Code Ann. § 81A-132(d)(3) (A)

(Ga. L. 1966, pp. 609, 644; 1972, pp. 510, 521) authorizes such a waiver. That section provides: "Objections to the competency of a witness or to the competency, relevancy or materiality of testimony are not waived by failure to make them before or during the taking of the deposition, *unless the ground of the objection is one which might have been obviated or removed if presented at that time.*" (Emphasis supplied.)

The deposition in question provided that: "All objections except as to leading questions are reserved until such time as the deposition or any portion thereof is sought to be introduced in evidence." The deposition itself shows that the parties reserved the right to object to the evidence when presented at the trial of this case. There is no merit in the appellant's contention.

2. It was not error for the trial court to sustain the objection to the testimony of the appellant who desired to testify that he purchased and retained dominion over the property conveyed by certain deeds to his wife.

"Where a husband pays the purchase-money of land from his own funds and has the land conveyed to his wife, the presumption which the law raises is that the husband intended to make a gift to his wife; but the presumption is a rebuttable one, and a resulting trust in favor of the husband may be shown. Parol evidence of the nature of the transaction, or the circumstances, or the conduct of the parties, is admissible to rebut the presumption of a gift; but in order to rebut the presumption of a gift the proof must be clear and convincing." *Jackson v. Jackson,* 150 Ga. 544 (1) (104 SE 236) (1920); *Browning v. Barber,* 154 Ga. 221 (113 SE 797) (1922); Code § 108-106. In *Kimbrough v. Kimbrough,* 99 Ga. 134 (1) (25 SE 176) (1896), this court held: "Where a husband with his own money purchased and paid for a home, and deliberately and intentionally had the same conveyed to his wife, with no understanding or agreement that he was in any event to have an interest in the title, the transaction amounted to a gift from the husband to the wife, and as between them the property became absolutely her separate estate." Also *Langan v. Langan,* 224 Ga. 399 (2) (162 SE2d 405) (1968). "In its last analysis, a resulting trust, as between husband and wife where the husband pays the

purchase-money and title is taken in the name of the wife, rests upon the intention of the parties at the time of the transaction, with the presumption being that the transaction was a gift. Parol proof of conduct, circumstances, and declarations is admissible as tending to show the intent of the parties; and such evidence might ordinarily, if sufficiently clear and convincing, authorize a jury to find that the intention of the parties was that the conveyance should be in trust and not a gift." *Williams v. Thomas,* 200 Ga. 767, 775 (38 SE2d 603) (1946). This action is defended by the personal representative of the wife and the husband is incompetent to testify about a "transaction" with the deceased which she could have rebutted, denied, or explained if alive. Code § 38-1603.1; *Garrick v. Tidwell,* 151 Ga. 294 (5) (106 SE 551) (1920); *Hill v. Pritchett,* 182 Ga. 499 (1) (185 SE 83) (1936); *Martin v. Smith,* 211 Ga. 600, 604 (87 SE2d 406) (1955); 2 Redfearn on Wills (3d Ed.), 130, § 301.

3. The appellant attempted to introduce in evidence certain checks he had signed in payment of the hospital, funeral and other expenses of his deceased wife. These checks were drawn on a joint bank account of the appellant and his deceased wife. The appellant stated that the purpose of this evidence was "to show that they lived together as husband and wife and tried to share and share alike, and one take care of the other as best they could." The appellee objected to the introduction of this evidence as involving transactions with the deceased. The trial court properly refused to allow this evidence.

4. The trial court did not err in overruling the motion for new trial and "motion to set aside verdict and judgment thereon and to enter up decree notwithstanding verdict." There was no evidence in this case which would have authorized a verdict for the appellant.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 5, 1976 — DECIDED APRIL 20, 1976.

*A. W. Touchton,* for appellant.
*Richard B. Russell, III,* for appellees.