## 32760. FREEMAN v. SAXTON et al.

MARSHALL, Justice.

The appellee-plaintiffs brought this suit against the appellant-defendant for an equitable partitioning of a 50-acre tract of land.

The appellees alleged in their petition that they each owned a one-eighth undivided interest in the land through their status as heirs-at-law of the appellant's deceased wife. The deceased was a joint grantee with the appellant in the deed under which he claims title to the property.

The appellant defended the action by arguing that although his wife's name appeared as a grantee in the deed, she had no beneficial interest in the property surviving her death. The appellant alleged that she had held the property under an implied trust for his benefit.

The appellees moved for partial summary judgment on the issue of their interest in the land. The appellant opposed their motion for partial summary judgment and submitted two supporting affidavits.

The first affidavit, executed by the appellant, stated that he had purchased the property from Charles D. Tomlin; that he had his wife's name placed on the deed in an effort to have the property revert to her in the event he predeceased her; that he was functionally illiterate; and that he, in his individual capacity, had paid the purchase price for the property, made many improvements thereon, paid the real estate taxes in his name, and farmed and tilled the soil.

Another affidavit, executed by Charles D. Tomlin, was introduced. In that affidavit, Mr. Tomlin stated that the appellant had made the original down payment on the property and subsequently paid all sums due on the note; that the deceased had stated to Mr. Tomlin that she had no interest in the property unless and until her husband predeceased her; and that this explanation was also given by her to the attorney who prepared the deeds.

After finding that the appellant could not rebut the presumption of a gift to his wife by clear and convincing evidence, the trial court granted the appellees' motion for partial summary judgment. Code Ann. § 81A-156 (h) (Ga.

L. 1975, pp. 757, 759).

1. Did the trial court err in granting the appellees' motion for partial summary judgment?

That question must be answered in the affirmative if, under the facts of this case, a jury would be authorized to find that the deceased held the property under an implied trust for the appellant's benefit and, in this manner, defeat the appellees' claim.

The facts of this case are legally sufficient to give rise to an implied, or resulting, trust in favor of the appellant under Code § 108-106 (1), which provides that "Trusts are implied . . . [w]henever the legal title is in one person, but the beneficial interest, either from the payment of the purchase money or other circumstances, is either wholly or partially in another."

" 'Where a husband pays the purchase-money of land from his own funds and has the land conveyed to his wife, the presumption which the law raises is that the husband intended to make a gift to his wife; but the presumption is a rebuttable one, and a resulting trust in favor of the husband may be shown. Parol evidence of the nature of the transaction, or the circumstances, or the conduct of the parties, is admissible to rebut the presumption of a gift; but in order to rebut the presumption of a gift the proof must be clear and convincing.' " *Williams v. Thomas,* 200 Ga. 767, 773 (38 SE2d 603) (1946). See, e.g., *Bullard v. Bullard,* 214 Ga. 122 (103 SE2d 570) (1958); *Bryant v. Green,* 176 Ga. 874 (169 SE 123) (1933); *Romano v. Finley,* 172 Ga. 366 (157 SE 669) (1930); *Browning v. Barber,* 154 Ga. 221 (113 SE 797) (1922); *Jackson v. Jackson,* 150 Ga. 544 (104 SE 236) (1920).

Since questions concerning the factual sufficiency of the evidence, i.e., whether the appellant has rebutted the presumption of gift by clear and convincing evidence and shown an implied trust, are for the jury (see *Adams v. Pafford,* 79 Ga. App. 477, 480 (54 SE2d 329) (1949)), we hold that the grant of partial summary judgment in favor of the appellees was error.

The appellees argue that the testimony of the appellant as to declarations made by the deceased is inadmissible under *Rigby v. Powell,* 236 Ga. 687 (225 SE2d 48) (1976). They also argue that testimony of other

witnesses as to the declarations of the deceased is inadmissible hearsay. They argue, in addition, that the appellant should not be allowed to impeach his own deed. We find these arguments to be without merit for the following reasons.

*Rigby v. Powell,* supra, held that in an action between the husband and the personal representative of his deceased wife, Code § 38-1603 (1) precluded the husband from testifying about transactions with the deceased which she could have rebutted, denied, or explained if alive.

The present action is between the husband and the heirs-at-law of his deceased wife, who are not considered personal representatives of the intestate. "The defendant to an action for land brought by an heir-at-law of a deceased intestate is not incompetent to testify as a witness in his own behalf to transactions between himself and the decedent with respect to the premises in dispute." *Oliver v. Powell,* 114 Ga. 592 (5) (40 SE 826) (1901).

Thus, the husband is not rendered incompetent to testify under Code § 38-1603 (1). "[A]n heir at law, suing as such to have partitioned between him and another heir at law property inherited from his ancestor, is neither the personal representative nor the assignee nor the transferee of his ancestor, and the opposite party to such partition proceeding, who is also an heir at law of plaintiff's ancestor, is not incompetent to testify as to communications and transactions with the deceased ancestor which affect the right of plaintiff to recover . . . [Cits.]"*Donald v. Groves,* 160 Ga. 163 (126 SE 583) (1925). See also *Brittain Bros. Co. v. Davis,* 174 Ga. 1 (6) (161 SE 841) (1931).

The testimony of both the attorney preparing the deed and the prior owner of the property, concerning the wife's disclaimer of absolute ownership, is not inadmissible hearsay. Code § 38-309 provides that "The declarations and entries by a person, since deceased, against his interest, and not made with a view to pending litigation, shall be admissible in evidence in any case." See *Smith v. Smith,* 223 Ga. 560 (5) (156 SE2d 901) (1967); *Miller v. Everett,* 192 Ga. 26 (3) (14 SE2d 449) (1941).

Furthermore, under Code § 108-108, "In all cases

where a trust is sought to be implied, the court may hear parol evidence of the nature of the transaction, or the circumstances, or conduct of the parties, either to imply or rebut a trust." The citation of this Code section also disposes of the appellees' argument that appellant cannot impeach a deed to which he is a party. Although the appellant could not (in the absence of fraud, accident, or mistake) engraft an express oral trust on a deed absolute on its face, he may introduce parol evidence (including an oral agreement of the parties to the deed) which would impress the deed with an implied trust. See *Harper v. Harper*, 199 Ga. 26 (33 SE2d 154) (1945).

2. The appellant argues that the appellees should not be allowed to bring suit to recover land allegedly owned by the intestate prior to an administration of her estate in probate court. We find this argument to be without merit.

The heirs-at-law of the intestate may bring suit to recover land which they alleged belongs to her estate upon showing that there has been no administration, or that the administrator, if there was one, assented to their bringing suit. Code Ann. §§ 113-901 and 113-907. See, e.g., *Mize v. Harber*, 189 Ga. 737 (8 SE2d 1) (1940); *Reed v. Norman*, 157 Ga. 183 (121 SE 310) (1923); *Grooms v. Grooms*, 147 Ga. 206 (93 SE 201) (1917); *Wilson v. Wood*, 127 Ga. 316 (56 SE 457) (1906). See also Code § 113-901.

Since it affirmatively appears that there has been no administration of the intestate's estate, the appellees are authorized to maintain this action.

*Judgment reversed. All the Justices concur, except Bowles, J., who concurs specially.*

Submitted September 16, 1977 — Decided December 5, 1977.

*John N. Crudup,* for appellant.
*Adams, Ellard & Frankum, Linton K. Crawford, Jr.,* for appellees.