## 34425. FREEMAN v. SAXTON et al.

HILL, Justice.

This is the second appearance of this case in this court. The litigation commenced when the children of Cora Freeman, deceased, brought an action for an equitable partitioning of a 50 acre tract of land in which they each claimed a one-eighth undivided interest as

---

their mother's heirs-at-law. Cora Freeman had been a joint grantee with her third husband, J. C. Freeman, in the deed to the property. J. C. Freeman defended the action on the ground that since his wife had held the property under an implied or resulting trust for his benefit, she had no interest which survived her death.

Before trial, the court granted the children's motion for partial summary judgment on the issue of their interest in the land. We reversed because the children, on motion for summary judgment, were unable to prove the nonexistence of a resulting trust in favor of the defendant. *Freeman v. Saxton,* 240 Ga. 309 (240 SE2d 708) (1977).

In reaching that conclusion, we made three evidentiary rulings. First, we held that J. C. Freeman was not rendered incompetent to testify by the Dead Man's Act, Code § 38-1603 (1). Second, we held that the testimony of both the attorney who had prepared the deed and the prior owner of the property concerning disclaimer of absolute ownership by Cora Freeman was not inadmissible as hearsay because it was encompassed by Code Ann. § 38-309, the declarations against interest exception to the hearsay rule. Finally, we ruled that parol evidence was admissible under Code Ann. § 108-108 to impress an implied trust upon the deed.

On remand, the case was tried before a jury which rendered a verdict for the children. J. C. Freeman brings this appeal. At the outset it should be noted that the law favors title to realty being evidenced by written instruments. Code Ann. §§ 29-101, 29-401, 20-401 (4); Conversely, the law does not favor title to realty being evidenced by parol agreements, including parol resulting trusts.[1] Parol trusts claimed after the death of the alleged trustee are particularly not favored. For the foregoing reasons the law requires that resulting trusts be shown by clear and convincing proof. *Rigby v. Powell,* 236 Ga. 687 (2) (225 SE2d 48) (1976); *Langan v. Langan,* 224 Ga. 399 (2) (162 SE2d 405) (1968); *Williams v. Thomas,* 200 Ga. 767 (1) (38 SE2d 603) (1946); *Browning v. Barber,* 154 Ga. 221 (2) (113 SE 797) (1922).

---

[1]A resulting trust, such as the one claimed here,

The burden of proving the existence of a resulting trust is on the party claiming to be the beneficiary of such a trust and hence the trial court did not commit reversible error by referring to the defendant's "counterclaim." See *Adderholt v. Adderholt,* 240 Ga. 626 (2) (242 SE2d 11) (1978); Code Ann. § 108-116. The court did not err in charging the jury that the presumption of gift between husband and wife could only be overcome "by clear, convincing and decisive evidence to a reasonable certainty." In fact, this language tracks that recommended in the Jury Instructions for Civil Cases prepared by the Council of Superior Court Judges. See 30 AmJur2d Evidence § 1167. The case of *Supreme Conclave v. Wood,* 120 Ga. 328, 338 (47 SE 940) (1904), did not involve the higher degree of proof required in resulting trust cases.

The earlier charge that the burden of proof was on the defendant to prove his claim by the preponderance of the evidence was, if anything, more favorable to the defendant than that to which he was entitled and is not ground for reversal. The "preponderance of the evidence" instruction, followed by the "to a reasonable certainty" charge, were not such distinct and conflicting propositions as to warrant setting aside the jury verdict in this case. Cf. *Srochi v. Kamensky,* 121 Ga. App. 518 (5) (174 SE2d 263) (1970). The law (Code Ann. § 70-207 as amended), no longer requires that requests to charge be given in the language requested. The charges requested were substantially covered by the charge given. *Lewtner v. State,* 235 Ga. 77 (5) (218 SE2d 820) (1975).

J. C. Freeman argues that the trial court erred in allowing the plaintiffs to testify as to certain conversations with their deceased mother, over his objection. The complained of testimony was to the effect that Cora Freeman had used insurance funds she received following her second husband's death to purchase the property, and that she wanted her children to have the

covering an undivided interest in realty for the benefit of the holder of the other undivided interest would not be common.

property at her death. The trial court overruled J. C. Freeman's objections. The evidence was admissible to explain why Cora Freeman was named grantee in the deed (*Edgeworth v. Edgeworth,* 239 Ga. 811 (239 SE2d 16) (1977); Code § 38-302), and to explain the character of her possession of the land in question (*Rudolph v. Washington,* 146 Ga. 605 (2) (91 SE 560) (1916)). The defendant was sued as a tenant-in-common for partition of the jointly held property. He defended as beneficiary of a resulting trust. Since he was not sued nor did he defend in his capacity as personal representative of the deceased, and the testimony at issue was not "against the . . . deceased person" but rather was introduced to prove the deceased held title to the property for her own use and benefit, the Dead Man's Act (Code § 38-1603 (1)), was not applicable. Cf. *Hill v. Pritchett,* 182 Ga. 499 (1) (185 SE 832) (1936).

Appellant argues finally that the verdict is contrary to the law and the evidence and that a new trial should have been granted. The deed naming Cora Freeman as grantee furnished the evidence needed to sustain the verdict.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 12, 1979 — DECIDED APRIL 5, 1979 — REHEARING DENIED MAY 2, 1979.

*Stanley R. Lawson,* for appellant.
*Adams, Ellard & Frankum, Linton K. Crawford, Jr.,* for appellees.