S89A0469. WILEY v. LUKE et al.
(389 SE2d 223)

BELL, Justice.

The appellant, Pat Wiley, appeals from a jury verdict finding in favor of the appellees on Wiley's adverse-possession claim. Wiley contends that the trial court erred in excluding testimony regarding statements by a predecessor in title to appellee Sechler;[1] in failing to give certain jury charges; and in refusing to grant her a continuance. We reverse.

1. In her first enumeration of error Wiley contends that the trial court erred in excluding testimony from several witnesses that a Mr. Robinson, one of Sechler's predecessors in title,[2] told the witnesses

---

[1] Appellee Sechler holds record title to the property in question. Appellee Luke leases the property from Sechler.

[2] In 1965 Robinson deeded a tract of land, including the property in question, to W. J. Laughlin. Laughlin conveyed the land to Sechler.

that he had given the property in question (consisting of two borrow pits) to the Wileys. These witnesses would have testified that Robinson said that he gave the pits to the Wileys because he had allowed the Department of Transportation to dig the borrow pits and the digging of them had caused damage to the Wileys' property. The appellees objected to such testimony on the ground the testimony would constitute hearsay, and the court sustained the objection.

Wiley now contends that the court should have admitted the witnesses' testimonies, based on OCGA §§ 24-3-2, 24-3-7 (a), 24-3-8, and 24-3-32. We agree that the witnesses' testimonies were admissible under § 24-3-8.

a. Initially, we must address the appellees' argument that Wiley, in response to the appellees' hearsay objection, made no offer of proof regarding what the witnesses' testimony would have been. The appellees argue that the trial court therefore could not determine whether the testimonies would have come within any exception to the hearsay rule, and that Wiley, accordingly, is not entitled to have this court review the exclusion of the testimony in question. *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 152 (10) (269 SE2d 426) (1980).

We disagree. The appellees filed a motion in limine to prohibit Wiley from having witnesses testify "that the land in question was given to her . . . by R. H. Robinson based on an oral statement." Moreover, at the hearing on the motion in limine, the appellees stated that they wanted to prohibit Wiley or any of her witnesses from stating that Robinson had told them that he had given the land to Wiley. Wiley responded that Robinson had stated that he had given the land in question to Wiley as a result of damage done to Wiley's land when he had allowed the Department of Transportation to dig borrow pits on the land.

The trial court denied the motion in limine, but at trial, in response to the appellees' hearsay objections, the court did exclude the witnesses' testimonies. Moreover, at trial, when the court and the parties were discussing the appellees' hearsay objections, it was clear that the subject of the objections was the statements allegedly made by Robinson.

Under the foregoing circumstances, we conclude that Wiley made a sufficient offer of proof. *Cambron*, supra, 246 Ga. at 152.

b. We now turn to the question whether the statements were admissible. OCGA § 24-3-8 provides that "[d]eclarations . . . made by a person since deceased against his interest . . . shall be admissible in evidence." As Robinson was the titleholder of the property until October 1965, statements made by Robinson before that time, to the effect that he had given the land to Wiley, would have been in disparagement of his title and thus against his interest. See *Freeman v. Saxton*, 240 Ga. 309, 311 (1) (240 SE2d 708) (1977). Moreover, state-

ments to the same effect made after October 1965 would have been against Robinson's pecuniary interest, in that he conveyed the property by warranty deed containing a covenant of title. Finally, these statements were against Robinson's interest to the extent he admitted that by allowing the DOT to dig the borrow pits he had damaged Wiley's property.

The appellees argue that the statements were properly excluded because the statements were actually in Robinson's interest, in that "the purpose of the alleged declarations was to settle a damage claim [with Wiley]." Even assuming that Robinson's declarations were to some extent self-serving, we conclude that, on balance, the declarations were more against his interest than in his interest, and were therefore admissible. See *Agnor's Georgia Evidence* (2nd ed.), § 11-18; *Massee-Felton Lumber Co. v. Sirmans*, 122 Ga. 297, 299-300 (2) (50 SE 92) (1905).

For the foregoing reasons, we conclude that the trial court erred in excluding the testimony in question. Moreover, as this testimony would have assisted Wiley in establishing a claim of right to the property, which is an element of an adverse-possession action, § 44-5-161 (a) (4), we conclude that the error was harmful. The judgment must therefore be reversed on this ground.

2. We have examined Wiley's second through fifth enumerations of error and conclude that they have no merit, as the trial court's charge as a whole correctly stated the law of adverse possession. Moreover, Wiley's sixth enumeration of error, concerning the failure to grant her a continuance, is moot because of our holding in Division 1.

*Judgment reversed. All the Justices concur, except Hunt, J., who concurs specially.*

HUNT, Justice, concurring specially.

I write separately only to state that the balancing test referred to in Division 1 (b) of the opinion should be conducted not by us but by the trial court. We should not *conclude* that the evidence is admissible. We should leave that to the trial court, on retrial, when the competing evidence is properly before it. The trial court's decision in that regard may then, if necessary, be subject to our review under an appropriate standard.

DECIDED MARCH 7, 1990.

*Perry, Moore & Studstill, Mitchell O. Moore,* for appellant. *Thomas & McClain, Tom W. Thomas, Allen & Kelley, Roy Ben-*

*ton Allen, Jr.,* for appellees.