A92A0804. COLE et al. v. COLE.
(422 SE2d 230)

CARLEY, Presiding Judge.

Mr. Harold Cole died intestate. He was survived by appellee Mrs. Audrey Cole, his second wife, and by appellants, the children of his first marriage. Relying upon the statutory presumption of a gift between spouses, the probate court found that the decedent had a one-half interest in the marital home. See OCGA § 53-12-92 (c). On appeal to the superior court, a jury found that the marital home belonged entirely to appellee pursuant to a purchase money resulting trust. See OCGA § 53-12-92 (a). Appellants appeal from the judgment entered on the jury's verdict.

1. " 'It is the duty of this court on its own motion to inquire into its jurisdiction.' [Cit.]" *Anthony v. Anthony,* 120 Ga. App. 261, 264 (2) (170 SE2d 273) (1969). Accordingly, the first issue for resolution is whether the instant appeal is within the jurisdiction of the Supreme Court, as a case "involving title to land." Art. VI, Sec. VI, Par. III (1) of the Ga. Const. of 1983.

Cases involving " 'title to land,' as that term is used in the Constitution for the purpose of defining the jurisdiction of [the Supreme] [C]ourt, refer to and mean actions at law, such as ejectment and statutory substitutes, in which the plaintiff asserts a presently enforceable legal title against the possession of the defendant for the purpose of recovering the land. [Cits.]" *Bond v. Ray,* 207 Ga. 559, 561 (a) (63 SE2d 399) (1951). Appellee does not seek possession of the land on which is situated the home occupied by her deceased husband and herself. She is in possession and seeks only a determination that her deceased husband had no interest in that property. Appellants do not seek possession of the land, but seek only a determination that their deceased father had a one-half interest therein. Accordingly, the instant case is not within the jurisdiction of the Supreme Court, because it "is not one at law for the recovery of land, either in ejectment or any of its substitutes." *Bond v. Ray,* supra at 562 (a).

2. Without objection, appellee testified that, after the marriage, she had sold her own home and, with no contribution from the dece-

dent, used the proceeds to purchase a new home. Title was conveyed to appellee and the decedent jointly without any right of survivorship. Over a hearsay objection, appellee was further allowed to testify that the decedent had told her that he would be unable to contribute toward the purchase of the property until such time as he was no longer obligated to pay child support for appellants. On appeal, the trial court's failure to sustain the hearsay objection to this testimony is the sole enumeration of error.

"Declarations . . . made by a person since deceased against his interest and not made with a view to pending litigation shall be admissible in evidence in any case." OCGA § 24-3-8. However, " '[d]eclarations of a person since deceased, wholly in favor of the interest of the declarant, and which are not a part of the res gestae, are mere hearsay and not admissible in evidence.' [Cit.]" *Higgins v. Trentham*, 186 Ga. 264 (1) (197 SE 862) (1938). Appellants urge that appellee's testimony would not be admissible pursuant to OCGA § 24-3-8, but would be excludable as hearsay because the statement attributed to the decedent was wholly in favor of appellee's interest.

A decedent's declarations in disparagement of his title would be admissible pursuant to OCGA § 24-3-8, as they negate the existence of a gift and are, therefore, against the decedent's pecuniary interest. *Wiley v. Luke*, 259 Ga. 861, 862 (1b) (389 SE2d 223) (1990); *Freeman v. Saxton*, 240 Ga. 309, 311 (1) (240 SE2d 708) (1977). That such declarations are proffered by one who would benefit from their admission into evidence is not a valid ground for excluding them from the jury's consideration. *Swain v. C & S Bank of Albany*, 258 Ga. 547, 550 (1) (372 SE2d 423) (1988). Accordingly, appellee's testimony in the instant case was admissible under OCGA § 24-3-8, in rebuttal of the presumption arising under OCGA § 53-12-92 (c) that she had made a gift to him of a one-half interest in the real property and the improvements thereon.

*Judgment affirmed. Pope and Johnson, JJ., concur.*

DECIDED SEPTEMBER 8, 1992.

*J. Robert Morgan,* for appellants.
*Michael B. Perry,* for appellee.