A99A0200. THIERMAN v. THIERMAN.
(507 SE2d 489)

MCMURRAY, Presiding Judge.

In Case No. A98D0411, *In re Estate of Thierman*, the application of caveator Jonathan Thierman to review the order of the probate court denying caveator's motion to set aside the probate court's previous order granting Letters of Dismission to the applicant-executrix Nancy Thierman was dismissed as untimely on August 11, 1998. In Case No. A99A0200, Jonathan Thierman's subsequent pro se direct appeal to the Supreme Court of Georgia was transferred to the Court of Appeals of Georgia. *Held*:

1. According to the notice of appeal filed June 26, 1998, Jonathan Thierman appeals from the "order dated March 31, 1998[, granting Letters of Dismission, as well as the] denial of Motion to Set Aside Judgment and [an unidentified] June letter." It is the duty of this Court on its own motion to inquire into its own jurisdiction. *Cole v. Cole*, 205 Ga. App. 332 (1) (422 SE2d 230).

Unless tied to a directly appealable order, an appeal from the denial of a motion to set aside a judgment under OCGA § 9-11-60 (d) requires a timely application to this Court for permission to pursue a discretionary appeal. OCGA § 5-6-35 (a) (8) and (d). The attempted direct appeal on June 26, 1998, from the March 31, 1998 order of the probate court is untimely under OCGA § 5-6-38 (a). There is no timely application for discretionary review of the denial of the motion to set aside. Consequently, neither order is capable of sustaining a direct appeal through a notice of appeal filed on June 26, 1998, and

we are without jurisdiction to consider the errors enumerated as to them.

2. Jonathan Thierman also appeals from the "attached letter dated August 3, 1998 (Exhibit 2)," which is a letter from A. Duane Fry, Director of Enforcement, Division of Securities & Business Regulation, within the office of the Georgia Secretary of State. This letter informs Jonathan Thierman that his belief that "monies have been improperly removed . . . from trust accounts established for [his] children . . . does not appear to be a violation of the Georgia Securities Act of 1973, as amended, in that there was no offer or sale of a security to a resident of the State of Georgia [and that consequently] the matters [Jonathan Thierman wrote] about are outside the boundaries of [the Secretary of State's] jurisdiction."

"Either party in any civil case . . . in the superior, state, or city courts, may appeal from any . . . decision[ ] or decree of the court, or of the judge thereof in any matter heard at chambers." OCGA § 5-6-33 (a). An "appeal to be held valid must be taken from an appealable decision or judgment of the trial court." *Walker v. Walker*, 222 Ga. 521, 522 (150 SE2d 635). In the case sub judice, the letter from the Director of Enforcement is not a final decision or decree by a superior, state or city court rendered in an actual case or controversy instituted in a court of record, nor, in this attempted direct appeal, is Jonathan Thierman a party in a pending civil case. OCGA § 5-6-34 (a) (1). We are without jurisdiction to render any decision in Case No. A99A0200, and the appeal must be dismissed.

*Appeal dismissed. Andrews, C. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 30, 1998 —
RECONSIDERATION DENIED OCTOBER 15, 1998 — 

Jonathan H. Thierman, *pro se.*

*Wagner, Johnston & Rosenthal, Michael S. Rosenthal*, for appellee.