## S99A1824. BURT v. SKRZYNIARZ.
### (526 SE2d 848)

SEARS, Justice.

Appellant Paul Burt appeals from a jury's determination that he and his co-tenant, Nancy Skrzyniarz, possessed equal ownership interests in the Chatham County home they shared. Contrary to Burt's enumerations on appeal, we find no error in the trial court's instructions concerning the presumptions attending a tenancy in common and the possibility of a purchase money resulting trust. Therefore, we affirm.

Burt and Skrzyniarz began seeing one another in 1990, and in 1997 took possession of a home located in Dutch Island, Georgia. It is conceded that the parties took possession of the house as tenants in common, and that the sales contract for the home obligated them both as purchasers of the property. In fact, a handwritten disclosure on the sales contract, initialed by both parties, states that *"Purchaser* [Skrzyniarz] is a licensed real estate agent in Pennsylvania" (emphasis supplied). The warranty deed identified both Burt and Skrzyniarz as the grantees of the property, and the parties jointly took possession of the property. When the parties separated, Burt filed a complaint for statutory partitioning, in which he alleged that while the parties did in fact hold the property as tenants in common, he held a 99 percent interest in the property, as opposed to Skrzyniarz's one

percent interest. She disputed that claim in her answer, and the case was tried before a jury in February 1999.

Testimony at the trial was heard from the real estate agent who represented Burt and Skrzyniarz in their purchase of the property, who stated that she was under the impression that the property would be held jointly, and also from three other witnesses who each testified that Burt had represented to them that he and Skrzyniarz would own the home together and that she would be ensured of having her own home after the purchase was completed. Additionally, evidence was introduced showing that around the time of the purchase, Skrzyniarz deposited $29,000 into the couple's joint checking account, and that this money was used for household purposes. The jury rejected Burt's allegations of unequal shares, and found that the parties held equal ownership interests in the property. Burt appeals from the judgment entered on that verdict.

1. OCGA § 44-6-120 provides that:

Unless . . . the document or instrument provides otherwise, a tenancy in common is created whenever . . . two or more persons are entitled to the simultaneous possession of any property. Tenants in common may have unequal shares, but they will be held to be equal unless the contrary appears.

In its charge to the jury, the trial court properly recited this statutory language, and also instructed that: "Parol or oral evidence of the nature of the transaction or the circumstances or the conduct of the parties is admissible to rebut the presumption of equal shares [between tenants in common], but in order to rebut the presumption, the proof must be clear and convincing." Burt alleges that the trial court erred in instructing the jury that the presumption of equal shares attending a tenancy in common can only be rebutted by clear and convincing evidence. We disagree.

The axiom that, under normal circumstances, tenants in common hold equal shares in jointly held property is a fundamental precept of the law, and should not be easily subjected to uncertainty or undoing. A tenancy held in common carries with it great implications for co-tenants and their heirs, and is frequently relied upon by the co-tenants' joint and individual creditors, thus mandating the law's consistent presumption that co-tenants hold equal ownership interests, absent particularized evidence of a clear and convincing nature that specific co-tenants do not in fact hold equal shares.

The clear and convincing standard has been applied in analogous contexts, such as where one seeks to have a deed set aside or

reformed,[1] or where one seeks to show that a purchaser of property who makes conveyance to his or her spouse, parent or child did not thereby intend to make a gift.[2] In these analogous contexts, too, the law has placed enormous reliance upon well-established presumptions attending a property owner's actions, and in order to displace those presumptions, one must come forward with evidence of a clear and convincing nature. The same is true for the presumption that tenants in common hold equal shares in property jointly held between them, and therefore the trial court in this case properly instructed that in order to show that he and Skrzyniarz held unequal shares in the Dutch Island property, Burt was required to bring forth proof that was clear and convincing.

2. Burt also contends that the trial court's instruction regarding equal shares was incompatible with its instructions regarding a purchase money resulting trust inuring to Burt's benefit, and that the court therefore should not have instructed on tenancy in common. A purchase money resulting trust may be presumed to exist for the benefit of one who pays consideration for the transfer of title to property to another person.[3] In this case, Burt claims that he paid consideration for Skrzyniarz's share in the Dutch Island home, and that a purchase money resulting trust was thereby created for his benefit.

However, in order to establish the existence of a purchase money resulting trust, one must show that such a trust was contemplated by both parties by way of an agreement that is either express or implied by the circumstances or conduct of the parties, and such an agreement must have existed at the time the transaction was consummated.[4] Accordingly, a resulting trust may be found to exist, should it be concluded that a tenancy in common was not established when the property was purchased. Stated differently, a resulting trust exists as an alternative to a tenancy in common. However, joint purchasers of property cannot intend to simultaneously create both a tenancy in common and a purchase money resulting trust, as the two cannot co-exist.[5] Insofar as Burt concedes that a tenancy in common was created in this case, his claim must fail.

This Court has previously recognized that a purchase money resulting trust is an alternative to a tenancy in common, and that the two theories may both be charged in cases such as this one. As we held in an analogous context in *Freeman v. Saxton*: "questions con-

---

[1] Strong et al., *McCormick on Evidence*, § 340, p. 443 (4th ed. 1992).
[2] OCGA § 53-12-92 (c); *Freeman v. Saxton*, 240 Ga. 309, 310 (240 SE2d 708) (1977).
[3] OCGA § 53-12-92 (a), (b).
[4] See *Ford v. Ford*, 243 Ga. 763, 764-765 (256 SE2d 446) (1979).
[5] See *Freeman*, supra, 240 Ga. at 310.

cerning . . . whether the appellant has rebutted the presumption of [a] gift [or a co-tenancy] by clear and convincing evidence and shown an implied [purchase money] trust are for the jury."[6] It follows that the trial court did not err in charging the jury on both theories in this case.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 31, 2000.

*McCorkle, Pedigo & Johnson, Kenneth P. Johnson, David H. Johnson,* for appellant.
*John M. Cullum,* for appellee.

---

[6] Id. See note 2 and accompanying text.